### 30791. HARTFORD ACCIDENT & INDEMNITY CO. et al. v. BLACK.

DECIDED MARCH 2, 1945. REHEARING DENIED MARCH 15, 1945.

*T. Elton Drake,* for plaintiffs in error.
*Kelley & Brannon,* contra.

SUTTON, P. J. Henry A. Black sustained a fatal accident, which arose out of and in the course of his employment on July 21, 1943, in Towns County, Georgia. On August 6, 1943, his widow, Mrs. Willie Barden Black, W. F. McElreath Beverage Company, his employer, and Hartford Accident and Indemnity Company, the insurance carrier, entered into an agreement whereby the employer and insurance carrier were to pay to the claimant widow $12.75 weekly compensation for a period of 300 weeks.

This agreement was approved by the Industrial Board (now State Board of Workmen's Compensation) on September 9, 1943, and the board ordered compensation of $12.75 per week to be paid to Mrs. Black for her use and benefit for 300 weeks from July 21, 1943, this being the full death benefits as provided by the workmen's compensation act, as applicable to the amount of wages being earned by the employee at the time of the fatal accident. Compensation was paid to the claimant according to the terms of the agreement and award for a period of sixty-two weeks, at which time the claimant made application to the board that she be allowed a lump-sum payment in an amount equal to the then value of the unpaid balance of the award previously granted to her, the reasons assigned for a lump-sum settlement being as follows: "I purchased a home in Gainesville for $2500, of which I paid $1000 down. By adding another room and a bath to this house I could rent out a portion of it for $20 per month and live in the other side myself. I am unable to work regularly and I believe by converting my home into a duplex and receiving $20 per month I will be in a more secure position than by receiving the allotment. By securing a lump-sum settlement I can pay off the balance due on my home, make the repairs necessary to rent it, and will always have a place to live, no matter what happens."

On the hearing before the full board Mrs. Black testified: "I have bought me a home and I paid $1000 down on it, and I want the balance of the insurance that is coming to me to finish paying the $1500 that I owe on it, and by doing that I could make this home into a duplex and rent out half of it, and I would always have an income of $20 or $25 a month." Mrs. Black testified that she was thirty-seven years old, had no children, and was the only dependent of the deceased employee. She further testified: "Chairman Dyer: You want to pay off the balance? Mrs. Black:

What I owe, and add to the house, and I could have an income and live in a home. I am having to pay out rent now and it is impossible to live on what I get out of it. I have a job and am trying to work, but I am not able to work all the time because I am still under the doctor and have been since Mr. Black was killed. It takes about half what I make to pay the doctor's bill. Chairman Dyer: The purpose of the money is to pay off 'the loan, you are paying 6%, is that right? Mrs. Black: Yes, sir. Director Forrester: Would it be agreeable to you if the board should see fit to pay the amount necessary to retire that loan, and then continue the rest at a weekly amount which has been paid? Mrs. Black: Well, by getting the whole amount I believe I would have a chance then to add to the house and then I could have an income, and you see it is taking everything I can get now to live. Director Forrester: Do you think you would be able to get the material to do it now? Mrs. Black: Yes, sir."

Her application for a lump-sum settlement was opposed by the employer and insurance carrier on the ground that a woman of Mrs. Black's age is likely to remarry within the time during which the compensation is to be paid, and that it would work a hardship on the employer and insurance carrier.

The State Board of Workmen's Compensation passed an order, which in part is as follows: "The above-stated case came on for hearing before the full board September 25, 1944, upon application of widow claimant requesting a lump-sum award in the above-stated case. There are 238 weeks outstanding compensation at the rate of $12.75 per week, or $3034.50, commuted to its present value of $2732.10. Order: The board is of the opinion that a lump-sum award at this time would be to the best interest of the parties, and said application is hereby approved." It was then ordered that the employer and insurance carrier pay to Mrs. Black $2732.10 in a lump sum, this being the commuted value of the unpaid portion of the compensation formerly awarded to her. On appeal, this award was affirmed by the judge of the superior court of Towns County, and the employer and insurance carrier excepted.

The only question presented for determination is whether or not the State Board of Workmen's Compensation abused its discretion in ordering the balance of the compensation to be paid in a lump sum.

Under the facts as disclosed by the record and the provisions of the Code, § 114-417, as amended by the act of 1937 (Ga. L. 1937, pp. 528, 531), and the act of 1943 (Ga. L. 1943, p. 167), and which, as codified in the Georgia Code Annotated, reads as follows: "Payment in lump sum. Whenever any weekly payment has been continued for not less than 26 weeks, the liability therefor may, when the State Board of Workmen's Compensation deem it to be to the best interest of the employee or his dependents, or where it will prevent undue hardship on the employer or his insurance carrier, without prejudicing the interests of the employee or his dependents, be redeemed, in whole or in part, by the payment by the employer of a lump sum which shall be fixed by the board, but in no case to exceed the commutable value of the future installments which may be due under this law: provided, that the lump sum to be paid shall be fixed at an amount which will equal the total sum of the probable future payments, reduced to their present value upon the basis of interest calculated at five per cent. per annum," we are of the opinion that the State Board of Workmen's Compensation was authorized to grant the award, ordering the balance of the compensation to be paid to the claimant in a lump sum. Mrs. Black testified that she wanted to use the money to pay the balance of the purchase price for the house which she had bought and in remodeling and changing the house into a duplex, which would provide a home for her, and that she could rent the other part of the house for $20 or $25 per month, and that would give her an income; whereas, without the compensation being paid in a lump sum, she was paying rent, and that it was taking everything she could get to live. Under the evidence we think the board was authorized in deeming it to be to the best interest of the claimant for the balance of the commuted value of the compensation to be paid to her in a lump sum and that it did not abuse its discretion in entering the order and award for the lump-sum payment. It follows that the judge of the superior court did not err in affirming the award. See, in this connection, *Employer's Liability Assurance Corp.* v. *Pruitt,* 190 *Ga.* 479 (9 S. E. 2d, 641) which, in principle, rules adversely to the contentions of the plaintiffs in error in the present case. The case of *Lumbermen's Mutual Casualty Co.* v. *McIntyre,* 67 *Ga. App.* 666 (21 S. E. 2d, 446), cited by the counsel for plaintiffs in error, is not applicable to the case

at bar, as it appears that there was no evidence before the board on the application for a lump-sum settlement in that case.

*Judgment affirmed. Felton and Parker, JJ., concur.*