42231. BRYANT v. FIDELITY &·CASUALTY COMPANY et al.

FRANKUM, Judge. 1. The Court of Appeals, as constitutionally created, is a court alone for the trial and correction of such errors of law as shall appear from the record made in the trial court from which the appeal is taken. *Code Ann.* § 2-3708; *Nix v. State*, 94 Ga. App. 141 (2) (93 SE2d 783); *Republic of Cuba v. Arcade Bldg.*, 104 Ga. App. 848, 850 (1) (123 SE2d 453); *Rushing v. Akins*, 210 Ga. 450 (4) (80 SE2d

813). Nothing in the Appellate Practice Act of 1965 in any way alters this fundamental principle of appellate jurisdiction.

2. The clerks of the superior courts are required by law to keep an issue docket upon which they shall enter all civil cases pending in their courts which are to be tried by a jury and a motion docket upon which they shall place all civil cases pending in the courts which are not to be tried by a jury. *Code* § 24-2714 (5). Every civil case of whatever nature must be entered on one or the other of these dockets, and it is obvious that a workmen's compensation case which has been appealed to the superior court from the State Board of Workmen's Compensation is a civil case. Under the provisions of *Code* § 114-710, the judges of the superior courts are empowered to hear and determine workmen's compensation appeals in either term time or vacation. "Every presumption will be indulged in favor of the validity of a judgment rendered by a court having jurisdiction of the subject matter and the parties." *Mitchell v. Arnall*, 203 Ga. 384 (5) (47 SE2d 258). This presumption arises in favor of the regularity of the proceedings, notice and opportunity to be heard, and other like matters, and in the absence of a showing by the record that the court acted irregularly or failed to afford the parties an opportunity to be heard, a judgment adjudicating the rights of the parties will be presumed to have been regularly granted and entered. See *Stuckey v. Watkins*, 112 Ga. 268 (2) (37 SE 401, 81 ASR 47).

3. It is fundamental that when parties have a case before the court it is their duty to attend to it and look after their interest, and they cannot be heard to complain that a judgment which was duly and regularly entered against them in their absence should not have been entered without affording them an opportunity to be heard, unless they make a clear showing that their absence was without negligence on their part or was due to providential cause. *Blanch v. King*, 202 Ga. 779, 782 (44 SE2d 779); and see *Fry v. Shehee*, 55 Ga. 208 (7).

4. Accordingly, a contention made in the brief of counsel for appellant that the judgment of the trial court affirming the award of the State Board of Workmen's Compensation was premature and improvidently granted, in that it was granted without affording an opportunity to the appellant to be heard in argument on the issues presented by the appeal,

and in the absence of counsel for the appellant, presents nothing for this court to decide where it appears from the record that the order affirming the award of the State Board of Workmen's Compensation was rendered by the trial court during term time on June 2, 1966, after the appeal had been filed on May 14, 1966, it not appearing anywhere in the record that the judgment was rendered by the court in the absence of counsel for the appellant, this fact, if it be such, appearing solely from the brief of counsel for appellant.

5. Whether an award of compensation to a claimant for permanent disability shall be ordered to be paid in one lump sum is a matter within the discretion of the State Board of Workmen's Compensation (*Code* § 114-417), and unless it is apparent from the record that the board abused its discretion in refusing to order the award paid in a lump sum, such discretion will not be controlled. The provisions of *Code* § 114-707, insofar as they require that awards of the board must be accompanied by findings of fact, relate only to such awards as grant or deny compensation, or change the amount of compensation to be paid the employee. No other provision of the law requires that an order of the board merely denying an application for a lump sum settlement contain a statement of findings of fact upon which such order is based, and the order of the board denying the application in this case upon the conclusion of the board that "at this time [it] would not be to the best interest of the parties" to grant claimant's application was amply authorized by the evidence and was not contrary to the law by reason of the fact that it contained no other statement of the board's findings.

*Judgment affirmed. Felton, C. J., and Pannell, J., concur.*

SUBMITTED SEPTEMBER 8, 1966—DECIDED NOVEMBER 15, 1966—
JUDGMENT ADHERED TO ON REHEARING DECEMBER 20, 1966—

*Wade H. Leonard,* for appellant.
*Long, Weinberg & Ansley, Charles L. Drew,* for appellees.