42862. UNITED STATES FIDELITY & GUARANTY COMPANY et al. v. NASH.

ARGUED JUNE 5, 1967—DECIDED JUNE 19, 1967—REHEARING DENIED JUNE 30, 1967—

*O'Kelley, Hopkins & Van Gerpen, H. Lowell Hopkins, John M. Bovis,* for appellants.

*William I. Aynes, Paul C. Myers,* for appellee.

HALL, Judge. Before the State Board of Workmen's Compensation may grant a lump-sum award, there must be sufficient evidence in the record that it is in "the best interest of the employee or his dependents. . ." *Code Ann.* § 114-417; *Boston Ins. Co. v. Sharpton,* 111 Ga. App. 16, 17 (140 SE2d 302).

"The purpose of requiring . . . weekly payments is to enable the employee to provide for himself and family during his period of incapacity, and the law wisely recognizes that its very purpose would be defeated if in all cases the employer should be permitted to commute a future liability to a lump sum, which might soon be expended, leaving the injured employee and his dependents without means of support. It was not only to thus secure to the injured employee and his dependents a continuation of their means of support, but to avoid the probability that they might become public charges, that the law made this provision. . . The lawmakers doubtless realized that in many instances no real benefit would result to the family of a deceased employee from the payment of a more or less large sum of money at one time, since such benefits might soon disappear in improvident investments." *Tillman v. Moody,* 181 Ga. 530, 533-534 (182 SE 906); *Lumbermen's Mut. Cas. Co. v. McIntyre,* 67 Ga. App. 666, 669 (21 SE2d 446). "The allowance of a lump-sum award is the exception and not the rule," and it should be approved "only for strong and urgent reasons." 8 Schneider, Workmen's Compensation 351, 352, § 1790. "Only exceptional circumstances justify a departure from the general rule of periodic payments of compensation." 58 AmJur 919, § 548. In addition there should be evidence that the money if awarded in a lump sum will be properly safeguarded. See *Hartford Acc. &c. Co. v. Black,* 72 Ga. App. 182 (33 SE2d 278).

The evidence on the question whether a lump-sum award was in the best interest of the employee and his dependents was testimony by the claimant himself. He testified that he had eight children. Seven of them were in school. With the money from a lump-sum award he was planning to buy a truck so that he could haul wood and move people. "I can take the children and haul wood . . . and my children and wife can haul corn and cotton so I could make a living with the truck

if I could get one." He testified that people buy wood for fire places, and he thought he could make about $100 a week with the children. If he felt like he did at the hearing he wouldn't be able to do any of the work himself—lifting and hauling— "At times I might could lift a little and could drive every once in a while." He had one child who could drive. He could not live on his social security of $154 a month, and needed his workmen's compensation check every week to buy food.

The disabled claimant presented no facts corroborating his opinion that he and his family could make a living or make $100 a week with the use of a truck in the hauling business. His testimony indicated that taking away the weekly benefit would deprive the family of essential support and that the use of the children in the hauling business would deprive them of needed education. There was no evidence that the money awarded in a lump sum would be properly safeguarded. It appears from the record that the continuation of weekly payments to the claimant would serve the purpose of the Workmen's Compensation Act pointed out in *Tillman v. Moody,* 181 Ga. 530, supra.

The evidence does not show exceptional circumstances to justify a departure from the general rule of periodic payments of compensation, nor strong and urgent reasons for approving a lump-sum award. It is not sufficient to support the finding of the board that a lump sum would be to the best interest of the claimant.

In a recent opinion affirming the board's refusal of a lump-sum award this court has held that it "is a matter within the discretion of the State board of Workmen's Compensation" whether or not an award shall be paid in a lump sum. *Bryant v. Fidelity & Cas. Co.,* 114 Ga. App. 853, 855 (152 SE2d 759). This statement is not inconsistent with our decision in the present case, because the discretion of the board is a legal discretion, governed by the general principle that an adjudication must be supported by sufficient evidence.

*Judgment reversed. Felton, C. J., and Eberhardt, J., concur.*