### 51604. EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY et al. v. HOOD.

EVANS, Judge.

This is a workmen's compensation case. Claimant is totally disabled. He applied to the Board of Workmen's Compensation for a lump-sum payment to pay off his outstanding debts and purchase a home in Florida. A hearing was held by the board. Medical testimony was submitted at this hearing which showed the claimant is totally unfit to return to any occupation that he had previously performed, except that he might perform some sedentary duties such as simple accounting. He had at one time kept books for a union. He submitted evidence to show that he would be rejected for any other type of employment as a hazard to the employer. Claimant contends he cannot live on the periodic payment; that he has applied for social security as a 100%-disabled person; that he is affected by the cold weather and desires to move to Florida where the weather is sunny and warm, and to secure some type of simple accounting work, such as income tax preparation.

The board was of the opinion that the claimant was totally and permanently disabled and that it would be to the best interest of the claimant that a lump-sum settlement be made, and approved same. The lower court affirmed the board. The employer/insurer appeals. *Held:*

1. The insurer contends that no findings of fact were properly made under Code Ann. § 114-707, in that there was no "statement of the findings of fact" in the award. But in *Bryant v. Fidelity & Cas. Co.*, 114 Ga. App. 853, 855 (5) (152 SE2d 759), this court held: "The provisions of Code § 114-707, insofar as they require that awards of the board must be accompanied by findings of fact, relate only to such awards as grant or deny compensation, or change the amount of compensation to be paid the employee." *Bryant* held further that it is simply a matter within the discretion of the state board as to whether or not the award be paid in a lump sum. Accordingly, no definite findings of fact need be set out other than the findings of the board where they hold the opinion that a lump-sum settlement would be in the best interest of the claimant and would not work a hardship on the employer/insurer. There is no merit in the complaint that the award contained no findings of fact.

2. The discretion of the board in this instance is a legal discretion governed by the general principle that there must be some evidence to support the findings of the board. The board having considered the evidence that the claimant's condition was threatened in the cold climate of Carrollton, Georgia; that he had visited Florida and his condition improved in the warmer climate; that he needed funds to pay off his indebtedness and purchase a small home in Florida — this court cannot say the board abused its discretion in making the lump sum award. The board might have considered the arguments of the employer/insurer that the claimant's 100% disability due to his injuries, and other infirmities, a heart ailment and arthritis, might result in his not living long; and hence the insurer might escape certain payments if a lump sum were not made, inasmuch as the claimant might not live until the end of the periodic payments. We do not feel the board should be reversed for not so holding. Of course, if the claimant moves to a warmer climate and is finally able to obtain some sedentary type of employment, then a change of condition for the better might occur. But these are mere probabilities that could be derived from the evidence. Other inferences are likewise possible.

*Judgment affirmed. Pannell, P. J., and Marshall, J.,*

*concur.*

ARGUED JANUARY 6, 1976 — DECIDED JANUARY 23, 1976 —
REHEARING DENIED FEBRUARY 11, 1976.

*George L. Pope, Jr., James T. McDonald, Jr.,* for appellants.

*C. C. Perkins,* for appellee.