## 54961. PHINAZEE v. BOSTON OLD COLONY INSURANCE COMPANY et al.

SMITH, Judge.

In this workmen's compensation case, we affirm the superior court judgment remanding the case to the board of workmen's compensation for further consideration, there being a valid statutory reason for the remand.

In 1972, Phinazee, the claimant, was injured while working for the Mouchet Corporation. Phinazee, Mouchet, and Mouchet's insurance carrier, Boston Old Colony, entered into an agreement in which Phinazee would receive compensation for a total disability. A subsequent agreement among the parties effected a change in Phinazee's condition from total to partial disability and reduced payments accordingly. In March, 1975, Phinazee filed a claim for change of condition back to total disability, but the administrative law judge hearing the case found no change from partial disability; the award was not appealed. A new change of condition hearing was requested and was held in June, 1976. At this second hearing the administrative law judge found that there had been no change in condition since the earlier (March, 1975) hearing. Phinazee then appealed this decision to the full board of workmen's compensation. The board treated the unappealed 1975 award as res judicata on the issue of whether, up until that date, Phinazee's disability had degenerated from partial to total. However, on de novo review of the facts, the board, disagreeing with the hearing judge as to whether there had been a change of condition since that earlier hearing, concluded that Phinazee's disability had become total subsequent to the March, 1975, hearing.

The employer and its insurer appealed the board's award, and the superior court remanded the case back to the board for the reason that the board had based its decision on an erroneous legal theory, and also for the purpose of taking additional evidence concerning whether Phinazee had fraudulently concealed a pre-existing injury which may have led to her disability. Phinazee has now appealed to this court. *Held:*

1. The first enumeration complains that the

superior court erred in determining that the board had applied an erroneous legal theory, i.e., had applied a *physical* change in condition test rather than the *economic* change in condition test mandated by Code § 114-709. As this court has stated and restated, Code § 114-709 requires the claimant to show (1) a change in condition (2) rendering the claimant unable to work for any employer (3) thus resulting in a total or partial loss of income (4) proximately caused by the accidental injury. *Emory University v. Cannup,* 144 Ga. App. 607 (1) (241 SE2d 482) (1978). The board, in its order, concluded that the "claimant is presently totally incapable of performing gainful employment and has been totally so incapacitated since September 27, 1976." This statement shows that the board was cognizant of the correct legal theory; we therefore disagree with the superior court's assessment that "[t]he full Board's Findings of Fact clearly used the criteria of a change in physical condition as the basis for reversing [the Administrative Law Judge's] decision." As was stated in *Williams v. Morrison Assur. Co.,* 138 Ga. App. 191, 193 (225 SE2d 778) (1976), the superior court may remand "where it affirmatively appears that the award is based upon an erroneous legal theory," but, the affirmative appearances in this case being to the contrary, a remand for this reason was incorrect.

2. The superior court stated, as an alternative reason for its remand, that the board should take further evidence to determine whether the claimant had fraudulently concealed a pre-existing injury. Code § 114-710 (2) authorizes the superior court to set aside the order of the board if "[t]he order or decree was procured by fraud." The Code gives no guidance as to how convincing any evidence of fraud must be, but § 114-710 does state, "Upon the setting aside of any such order, decree, or decision of the board, the court may recommit the controversy to the board for further hearing or proceeding in conformity with the judgment and opinion of the court, or such court may enter the proper judgment upon the findings, as the nature of the case may demand." In this case, competent evidence raises a reasonable suspicion that there may have been fraudulent concealment; yet that evidence is by no means conclusive. Under the above

statute, and under the evidence here, the court was correct in directing the board to confirm or reject the reasonably suspected fraud. In so doing, the superior court did not err. Hence, the remaining enumerations of error are without merit.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

ARGUED JANUARY 3, 1978—DECIDED APRIL 25, 1978—REHEARING DENIED JUNE 12, 1978—

*George & George, William V. George,* for appellant.
*Swift, Currie, McGhee & Hiers, John A. Ferguson, Jr., Charles L. Drew,* for appellees.