## 56024. WEST POINT PEPPERELL, INC. v. LUALLEN.

Shulman, Judge.

This is a workmen's compensation case in which appellee requested a lump-sum award based on a commutation of future compensation payments. The board, exercising its legal discretion, found that such payment would be in the best interest of the employee and that there would be no undue hardship on the employer, and approved the application for a lump-sum payment. The superior court affirmed, and this appeal follows.

1. In the case of *United States Fidelity &c. Co. v. Nash,* 116 Ga. App. 123 (156 SE2d 550), the requirements justifying a departure from the general rule of periodic payments of workmen's compensation are set forth. However, it is a matter within the discretion of the State Board of Workmen's Compensation whether or not an award shall be paid in a lump sum, and "unless it is apparent from the record that the board abused its discretion in [proceeding or] refusing to order the award paid in a lump sum, such discretion will not be controlled." *Bryant v. Fidelity &c. Co.,* 114 Ga. App. 853, 855 (152 SE2d 759).

2. No findings of fact are necessary in awarding a

lump-sum payment. " 'The provisions of Code § 114-707, insofar as they require that awards of the board must be accompanied by findings of fact, relate only to such awards as grant or deny compensation, or change the amount of compensation to be paid the employee.' *Bryant* held further that it is simply a matter within the discretion of the state board as to whether or not the award be paid in a lump sum. Accordingly, no definite findings of fact need be set out other than the findings of the board where they hold the opinion that a lump-sum settlement would be in the best interest of the claimant and would not work a hardship on the employer/insurer." *Employers Mut. &c. Ins. Co. v. Hood,* 137 Ga. App. 555, 556 (224 SE2d 460).

3. In the instant case, there was some evidence of the "need" as well as the feasibility of the proposed business project contemplated by the appellee. There was medical evidence as to total disability, and this court cannot become an economic arbiter and assess the prospects for success of appellee's proposed business. There was sufficient evidence to justify the exercise of discretion by and the award of the State Board of Workmen's Compensation and the affirmance of the award by the superior court.

*Judgment affirmed. Bell, C. J., and Birdsong, J., concur.*

ARGUED MAY 23, 1978 — DECIDED SEPTEMBER 7, 1978.

*Rogers, Magruder & Hoyt, J. Clinton Sumner, Jr., Raymon H. Cox,* for appellant.

*Mundy & Gammage, E. Lamar Gammage, Jr.,* for appellee.