68052. GEORGIA MENTAL HEALTH INSTITUTE et al.
v. PADGETT.

McMURRAY, Chief Judge.

This case involves a workers' compensation claim. On November 21, 1979, Theodore Padgett (an employee of the Georgia Mental Health Institute, State of Georgia) suffered serious injuries to his leg and arm when a forklift he was driving overturned and landed on top of him. Beginning November 28, 1979, Padgett received benefits from his employer at the rate of $110 per week (⅔ of his average weekly wage of $223, but not more than $110 per week as payment for total

disability). See OCGA § 34-9-261 (formerly Code Ann. § 114-404, as amended by Ga. L. 1978, pp. 2220, 2222). However, he elected to receive his salary in lieu of compensation until November 16, 1981, when he returned to work. At that time, Padgett's employer began paying Padgett permanent partial disability benefits based on the ratings provided by Padgett's treating physician, or weekly benefits of $110 per week. According to these ratings, Padgett suffered an 87.5 percent permanent partial disability to his leg and a 63.5 percent permanent partial disability to his arm. Pursuant to OCGA § 34-9-263 (formerly Code Ann. § 114-406, as amended), these ratings translated into 339.75 weeks of permanent partial disability benefits.

Padgett worked regularly from November 16, 1981, until June 1, 1982, at which time he was forced to cease work due to problems with his leg. Approximately two months later, a hearing was held to consider Padgett's requests for a lump sum payment of his remaining permanent partial disability benefits. On September 10, 1982, approximately 42 weeks after permanent partial disability payments began, a lump sum award was entered for (full and final payment of future income benefits) the remaining 297.75 weeks of benefits (339.75 - 42) or $32,752.50 commuted to $27,561.55, except as limited by former Code Ann. §§ 114-417 and 114-709, as amended, now OCGA §§ 34-9-222 and 34-9-104, effective November 1, 1982.

On November 2, 1982, another hearing was held, this time to consider Padgett's requests for a change in condition. A change in condition for the worse (i.e., total disability to work) was found to be in order and accordingly, on December 7, 1982, an administrative law judge made an award for temporary total disability benefits under OCGA § 34-9-261, supra. The administrative law judge also determined the claimant suffered a 65% impairment of his left upper extremity by reason of his injuries. Pursuant to the award, Padgett was to receive $110 per week beginning June 1, 1982 (the date Padgett was forced to cease work because of problems with his leg). These payments were to continue until terminated in accordance with the Workers' Compensation Act. The award also provided that Padgett's employer was authorized, subject to board approval, to adjust the lump sum payment (made pursuant to the full board order dated September 10, 1982), upon termination of income benefits payable to the claimant under OCGA §§ 34-9-261, supra, and 34-9-262 (formerly Code Ann. § 114-405) (income benefits for total disability and/or temporary partial disability), but all accrued compensation for total disability ($110 per week) from June 1, 1982, is payable immediately.

From the December 7, 1982, award of the administrative law judge, the Georgia Mental Health Institute, State of Georgia appealed to the full board of the State Board of Workers' Compensation. On May 12, 1983, the full board issued its award. First, the full board

affirmed the finding of the administrative law judge that Padgett had suffered a change in condition for the worse beginning June 1, 1982, and that Padgett was entitled to temporary total disability benefits effective that date. Second, the full board found that Padgett's permanent partial disability to his arm had increased 1.5% from 63.5% to 65%, entitling him to additional permanent partial disability benefits for 3.375 weeks at $110 per week for a total of $371.25. Third, the full board authorized Georgia Mental Health Institute, State of Georgia, employer/self-insurer, to take credit for those weekly income benefits paid and incorrectly designated as permanent partial disability benefits paid from June 1, 1982, through September 6, 1982 (14 weeks). In all other respects, the December 7, 1982, award was adopted and made a part of the full board's award.

From the May 12, 1983, award, the Georgia Mental Health Institute, State of Georgia, appealed to the Superior Court of DeKalb County. A hearing was held and an order was issued affirming the award. Subsequently, a discretionary appeal was granted by this court. This case is now here on appeal. *Held*:

1. The State's primary objection to the May 12, 1983, award concerns the full board's omission to credit the employer's account for the permanent partial disability payments it made to its employee in the form of a lump sum payment. The State argues that by refusing to give credit for this lump sum payment, the employee, in effect, gets the benefit of receiving compensation for permanent partial disability and total disability at the same time. This duplication of benefits, the State argues, is contrary to the statutory intent as set out in OCGA § 34-9-104 (e) (formerly Code Ann. § 114-709 (e), as amended) and to applicable case law. We agree.

OCGA § 34-9-104 (e), supra, provides in pertinent part: "Where a lump sum payment . . . has been made to an employee . . . and a subsequent change in condition is found to have occurred, the employer shall be entitled to credit against future income benefits equal to the amount of the lump sum . . . payment." This Code section is consistent with OCGA § 34-9-263 (b) (3) (formerly Code Ann. § 114-406 (b) (3), as amended) which provides: "If any employee is receiving benefits under this Code section and experiences a change in condition qualifying the employee for income benefits under Code Section 34-9-261 [compensation for total disability] . . . any payments under this Code section shall cease until further change of employee's condition occurs." In accordance with this view, see *Benton v. U. S. Cas. Co.*, 118 Ga. App. 804, 805 (165 SE2d 473) holding that "[p]ayments of compensation for specific member injuries are 'in lieu of all other compensation,' and if payment for the [specific member] injury . . . were to be continued [one] could not, at the same time, collect compensation for total disability."

In the instant case the board authorized the employer to adjust the lump sum payment upon termination of income benefits payable to the claimant under OCGA § 34-9-261, supra. However, under former Code Ann. § 114-404 (amended by Ga. L. 1975, pp. 190, 193, § 4) now OCGA § 34-9-261, effective November 1, 1982, there is no longer a ceiling on the number of weeks an employee may receive weekly benefits for total disability. As such, the employee/claimant may live out the remainder of his life totally disabled to work, and the employer may never be able to take credit for the lump sum payment as provided by OCGA § 34-9-104 (e), supra. Although OCGA § 34-9-104 (e), supra, allows the board discretion as to the manner in which the credit for the lump sum payment will be made, such discretion is set forth as a choice between reducing the period of future weekly income benefits or by reducing the weekly benefits, or both. As the board followed neither of these choices, we reverse and remand, with directions that the State Board of Workers' Compensation give credit under the statute to the employer for the lump sum payment in a manner consistent with OCGA § 34-9-104 (e), supra. We note, however, that 14 weeks of the lump sum payment has been changed to temporary total disability payments and not as permanent and partial specific member payments (June 1, 1982, through September 6, 1982).

2. The award of September 10, 1982 (granting employee's application for lump sum payment of permanent partial disability benefits under the provision of OCGA § 34-9-222, supra), reflects a decision by the board on the limited issues of whether a lump sum settlement would be in the best interest of the claimant and would not work a hardship on the employer. The September 10, 1982, award did not reflect a decision on any issues involving whether to grant, deny or change the amount of compensation to be paid the employee. Accord *West Point Pepperell v. Luallen*, 147 Ga. App. 135 (1) (248 SE2d 287). As the issue upon which the May 12, 1983, award is predicated was not and could not have been placed in issue in conjunction with the consideration of the application for lump sum payment, the award granting that request did not bar, under the doctrine of res judicata, the award of May 12, 1983. Compare *Ga. Farm Bldgs. v. Willard*, 165 Ga. App. 325, 326-327 (1) (299 SE2d 181); *Metro. Life Ins. Co. v. Garner*, 156 Ga. App. 446, 447 (275 SE2d 96).

3. The employer/self insurer contends employee has failed to present, in support of his purported change in condition for the worse, any evidence that his inability to work was proximately caused by the original accidental injury. See in this regard *Phinazee v. Boston Old Colony Ins. Co.*, 146 Ga. App. 175, 176 (1) (245 SE2d 857). Employee's original injury resulted in the amputation of his leg. Employee testified that he left work due to sores on the stump of this leg. Clearly, the employee would not have had difficulties with sores on

his stump had the leg not been amputated. This enumeration of error is totally without merit.

*Judgment reversed and case remanded to the Superior Court for remand to the Board for further consideration in accordance with this opinion. Deen, P. J., and Sognier, J., concur.*

DECIDED JUNE 26, 1984.

*Michael K. Jablonski, Special Assistant Attorney General, Michael J. Bowers, Attorney General, James P. Googe, Jr., Executive Assistant Attorney General, Wayne P. Yancey, Senior Assistant Attorney General,* for appellant.

Theodore R. Padgett, *pro se.*