## 68637. EDGEMAN v. ORGANIC CHEMICAL CORPORATION et al.

### (325 SE2d 400)

BENHAM, Judge.

Appellant, a truck driver for appellee chemical company, filed a workers' compensation claim for a back injury he sustained while lifting a 250-pound drum of dye on a loading dock. He was subsequently awarded temporary total disability benefits of $122.71 per week pursuant to OCGA § 34-9-261, and his contract for attorney fees of 25% pursuant to § 34-9-108 was approved. Appellant's deteriorating financial condition led him to apply to the State Board of Workers' Compensation for a lump sum advance in accordance with § 34-9-222. In support of the request, appellant submitted an affidavit and documentation of his medical and financial condition. He also offered to repay the advancement by either reducing his future temporary disability benefits or by crediting the advancement against his permanent impairment rating, or both. Appellees, the chemical company and its insurer, submitted a response opposing the advancement. Based on the evidence submitted, the State Board found that a lump sum advance was in the best interest of the claimant to prevent extreme hardship and that the payment would not work an undue hardship on the employer/insurer, and approved a $5,000 advance payment to appellant, which included a 25% attorney fee. The credit was to be taken "upon determination of permanent partial disability." Appellant's main treating physician estimated that appellant would have a permanent impairment rating between 10% and 15%.

Appellees appealed the award to Catoosa Superior Court, contending, inter alia, that the award "failed to reduce the weekly benefit or the period of payment for benefits to the claimant and therefore is violative of the provisions of OCGA § 34-9-222 (b)" and that the award attempted to require payment of benefits for temporary total

disability and for permanent partial disability simultaneously, in contravention of §§ 34-9-263 (b) (2) and 34-9-104 (e). The trial court reversed and remanded the award to the board for the reasons stated, and we granted appellant's application for a discretionary appeal. We reverse.

1. Appellant asserts that the superior court exceeded its authority in reversing the board's award in light of the board's specific finding that the lump sum advancement was in the best interest of the claimant and would not work a hardship on the employer/insurer. We agree. The board has discretion to determine whether or not an award shall be paid in a lump sum, and when there is evidence to support the board's "best interest/no hardship" finding, the courts must affirm the award absent a showing of fraud or abuse. *West Point-Pepperell v. Luallen*, 147 Ga. App. 135 (248 SE2d 287) (1978); *Fireman's Fund Ins. Co. v. Cox*, 125 Ga. App. 357 (187 SE2d 580) (1972). There is no requirement that a formal hearing be held in order to grant a lump sum award. *Johnson v. Atlanta Dairies Co-op*, 172 Ga. App. 403 (323 SE2d 185) (1984), overruling *Travelers Ins. Co. v. Williams*, 109 Ga. App. 719 (1) (137 SE2d 391) (1964). There being evidence to support the board's award and no showing of fraud or abuse of discretion, the award of a lump sum advancement should have been affirmed.

2. OCGA § 34-9-222 (b) provides that "the board may order the employer to make advance payment of a part of the future income benefits by payment of a lump sum equal to such part of future payments, reduced to their present value upon the basis of interest calculated at 7 percent per annum. Partial lump sum advance payments may be accomplished by *reducing the period of payment or reducing the weekly benefit, or both.*" (Emphasis supplied.) The board failed in the present case to comply with that section in that it neglected to specify in its award whether the lump sum advance payment was to be credited to appellees by reducing appellant's weekly benefit payment or the total benefit period, or both. We reverse and remand with direction that the method of crediting the award be specifically stated. Cf. *Ga. Mental Health Inst. v. Padgett*, 171 Ga. App. 353 (319 SE2d 524) (1984).

3. To determine whether the board's award violated OCGA § 34-9-263 (b) (2), we must refer to § 34-9-222 (b), wherein it is stated that the board has the power to make advance payments of portions of "future income benefits" and "future payments." Clearly, the permanent partial disability compensation projected for appellant to receive is a future income benefit. Moreover, § 34-9-222 deals specifically with "lump sum payments of all or part of compensation generally," while § 34-9-263 relates to "compensation for permanent partial disability." Since the question arose concerning the making of lump sum

payments and § 34-9-222 does not rule out the use of permanent partial disability benefits in crediting lump sums, we interpret the statute as allowing credit against *any* future income benefit due, including permanent partial disability, once a permanent impairment rating has been made. This interpretation is in keeping with the liberal construction of the workers' compensation chapter, to effect the humane purposes for which it was enacted. *Schwartz v. Greenbaum,* 236 Ga. 476 (1) (224 SE2d 38) (1976).

Appellees argue that since appellant is receiving compensation in an open-ended award, too many contingencies may occur which would prohibit the board from determining what future benefits, if any, appellant may be due to collect. That problem is endemic not only to lump sum awards credited to future payments, but to workers' compensation awards generally, as this court noted in *Hartford Accident &c. Co. v. Fuller,* 102 Ga. App. 384 (2) (116 SE2d 628) (1960): "It is clear, however, that practically all [workers'] compensation awards are contingent upon one or more of many varying conditions . . . In view of all of the contingencies which could cause the cessation of payments either for death benefits or for temporary or total permanent disability, injustice will less likely occur if the award of lump-sum payments be sparingly granted, since, obviously, they may be paid in full in cases where the amount paid under the award might never accrue. But these awards are never within our province to initiate, or, indeed, to control except in those few circumstances authorized by the law. Furthermore, we are bound to follow the decision of the Supreme Court in the case of *Employers Liability Assurance Corp. v. Pruitt,* 190 Ga. 479 [(9 SE2d 641) (1940)], which held that the board has the power to render such an award regardless of the contingencies which could affect the amount ultimately payable. Since the Supreme Court has enunciated this rule with respect to death benefits, we see no logical reason why it should not apply to awards for permanent [partial] incapacity."

Appellees call our attention to this court's decision in *Ga. Mental Health Inst. v. Padgett,* supra, as supporting their position on the issue before us. We find that Division 1 of *Ga. Mental Health Inst.* supports *appellant's* position inasmuch as it holds that the board *should* credit an employer's account for permanent partial disability payments the employer makes to a claimant in a lump sum, in order to avoid a duplication of benefits.

4. It was proper for the 25% attorney fee to be included as part of the board's $5,000 lump sum award to appellant. The same analysis applied to Division 1 of this opinion also applies to attorney fees. See *Boston Ins. Co. v. Sharpton,* 111 Ga. App. 16 (140 SE2d 302) (1965).

*Judgment reversed and case remanded with direction. Banke, P. J., and Pope, J. concur.*

DECIDED NOVEMBER 16, 1984 —
REHEARING DENIED DECEMBER 10, 1984 — 

*Don L. Hartman, Robert A. Wharton, Jr.,* for appellant.
*Donald M. Shivers,* for appellees.