## 74586. VMW, INC. et al. v. FOSTER.
### (364 SE2d 301)

BEASLEY, Judge.

The employee in this workers' compensation case died of acute bilateral pneumonia on the morning of December 12, 1984, after having been admitted to the hospital on the evening of December 11. It appears without dispute from the medical evidence that the employee suffered from diabetes and that his physical condition generally and his ability to resist infection in particular had been greatly weakened by his failure to take insulin during the four-day period immediately prior to his hospital admission.

The administrative law judge denied a claim for death benefits brought by the employee's former wife on behalf of his minor son, based on a conclusion that the death was not attributable to any work-related injury. On appeal to the full board, the claimant sought to introduce as newly discovered evidence the deposition testimony of co-worker Pete Mercer to the effect that the decedent had been involved in logging operations for the employer on December 10 under swampy, rainy conditions which could have caused or aggravated his pneumonia. The board did not specifically rule on the claimant's motion to permit the introduction of this evidence but simply made the findings and conclusions of the ALJ its own based on "de novo consideration of all evidence," thus confirming the denial of compensation.

The superior court remanded the case to the board for further proceedings, after concluding as a matter of law that Mercer's "testimony" was "newly discovered evidence" which the board was required to admit in evidence and consider in the de novo proceedings before it.

The alleged employer and its insurer appealed from this remand on two grounds: that the superior court erroneously found as fact that the board did not consider the Mercer testimony, and that the superior court erroneously concluded as a matter of law that the Mercer testimony was "newly discovered evidence" and required to be considered. In addition, they urge, even if the board did *not* consider the Mercer testimony and *should* have, denial of compensation would still be the result. The error if any would thus be harmless and the remand uncalled for.

The claimant's position is that the record supports the superior court's finding that the Mercer testimony was not considered by the board, that the Mercer testimony qualified as "newly discovered evidence" which the board was compelled to consider, and that a consideration of it would likely have caused a different result, i.e., an award of compensation to the decedent's claimant.

In its current posture, the problem in the case is procedural.

There were three motions pending before the board on which it did not expressly rule: employer/insurer's motion to quash the notice to take Mercer's deposition, their motion to quash and suppress the deposition, and claimant's motion to permit "newly discovered evidence and additional evidence, allowed under Board Rule 708" or to remand to the ALJ for receipt of this evidence. Since the board did not in any decipherable way rule on these several motions, we remand the case to the board to state its rulings, and make them in the first instance if it did not do so originally, in these regards.

The perfunctory order of the board is sparse and leaves one guessing as to whether it granted the motion of claimant and considered this evidence which was not before the ALJ, or whether it granted the opponents' motions and thus excluded this evidence in its reference to "all evidence." It did not say, "all evidence before the ALJ," which would mean it did not permit the Mercer affidavit or deposition. Neither did it say, "all evidence including that additionally submitted to the board by claimant." Nor does the order issued on claimant's motion for reconsideration give a clue.

The record transmitted by the board to the superior court, which the cover letter repeatedly states is "the *material* documents and papers then on file" contains Mercer's affidavit but not his deposition. (Emphasis supplied.) This makes it appear that the board did consider the former but not the latter.

The parties, and subsequent reviewers in the event of appeal, should not be made to apply assumptions or presumptions, about which there will be a dispute, when so much is at stake and so few words could avoid the doubt. The authority of the board embraces the power to rule on motions before it, OCGA §§ 34-9-102; 34-9-103; and 34-9-48, and it should do so expressly. See, e.g., *Harrison v. Southern Talc Co.*, 245 Ga. 212, 213 (3) (264 SE2d 2) (1980); *Transport Ins. Co. v. Ferguson*, 156 Ga. App. 715 (275 SE2d 354) (1980). It also has authority to remand to the ALJ for the purpose of receiving additional evidence. Rule 103 (c) of the Rules and Regulations of the State Board of Workers' Compensation, as amended effective July 1, 1985. It abandoned, as of that date, the alternative practice of receiving additional evidence itself. Thus, at the time of the proceedings before it in 1986, its rule no longer accommodated the optional practice of directly receiving additional evidence. This would weigh in favor of interpreting its order as having rejected the additional evidence. But because of the clouds and the lack of clarity, the reviewing superior court could not find as fact nor conclude as law that the board did not consider Mercer's affidavit or his deposition.

Thus, while the reasons for remand and the directions to the board are in error, a remand should indeed be ordered. The board should make a complete record so as not to becloud an appeal with

extraneous issues which not only waste time and resources but also delay final resolution to the parties' detriment.

The interplay between subsections (c) and (d) of Board Rule 103 is not yet before us, for we do not know how the board applied these rules in this case. It should interpret the rules it is empowered by OCGA § 34-9-60 (a) to make, before we do. See *Strickland v. Douglas County*, 246 Ga. 640, 642 (1) (272 SE2d 340) (1980); 2 AmJur2d, Administrative Law, § 233.

*Judgment affirmed with direction. Birdsong, C. J., Deen, P. J., Carley and Pope, JJ., concur. McMurray, P. J., and Benham, J., concur in part and dissent in part. Banke, P. J., and Sognier, J., dissent.*

BENHAM, Judge, concurring in part and dissenting in part.

I agree that the superior court acted correctly in remanding the case for reconsideration in light of Mercer's deposition testimony and, accordingly, that we should affirm the court's judgment, but I disagree with the majority's reasoning and direction. It is my opinion that the evidence, while not "newly discovered," was still "additional evidence." See Rule 103 (c) and (d) of the Rules and Regulations of the State Board of Workers' Compensation, Appendix to OCGA Title 34, Ch. 9, as amended. Since the superior court's act of remanding was correct, although not for the reason stated in its order, it should be affirmed, but without the direction as indicated by the majority. *Matthews v. Matthews*, 238 Ga. 201, 204 (232 SE2d 76) (1977). Moreover, I do not see that it will save the litigants time and resources or that it will expedite final resolution of the case to send it back to the board to act as the majority requires.

I am authorized to state that Presiding Judge McMurray joins in this opinion.

BANKE, Presiding Judge, dissenting.

Considered in isolation, the alleged newly discovered evidence establishing that the decedent worked for the employer on December 10, 1984, under swampy, rainy conditions which might have caused or aggravated his pneumonia, certainly *seems* like the sort of evidence which might support an award of death benefits to his former wife on behalf of their minor son. However, in the context of the other evidence in this case, it is apparent that the decedent's death cannot reasonably be attributed to his one-day of work on the employer's logging crew; for although pneumonia may, technically speaking, have been the immediate cause of his death, the medical evidence establishes without dispute both that the pneumonia predated his work on the logging crew and that what enabled the disease to kill him was his own admitted failure to take insulin during the four-day period prior

to his hospitalization.

After working on the employer's logging crew on December 10, 1984, the decedent spent the night in a trailer made available by his supervisor near the work site. The next morning, he was experiencing flu-like symptoms and was permitted at his request to remain in the trailer that day. He declined the supervisor's offer to take him home, stating that he did not feel "that sick." When the crew returned from work that evening, the decedent's condition had worsened, and he was taken to the emergency room of a nearby hospital.

According to the attending physician at the hospital, the decedent was a severe, insulin-dependent diabetic whose failure to take insulin during the previous four days had, in effect, poisoned his system, rendering him badly "immunal (sic) compromised." Indeed, so impaired was the decedent's ability to resist infection by the time he arrived at the emergency room that the pneumonia, which was described in the pathology report as being of approximately three to five days duration, progressed from an asymptomatic to a terminal stage within the next 12 hours, notwithstanding all efforts to halt it. The physician testified that the diabetic ketoacidosis from which the decedent was suffering as a result of his failure to take insulin would have developed regardless of whether or not he had worked during the period in question.

I can conceive of no rational basis under these circumstances for a determination that the decedent's death was work-related. My conclusion in this regard is actually buttressed rather than weakened by the testimony of the co-worker whose deposition is offered as newly discovered evidence, for it is revealed in that deposition that before the rest of the logging crew left for work on the morning of December 11, 1984, the decedent was drinking a Coca-Cola, an act which, in combination with his failure to take insulin, must be viewed as virtually suicidal.

I am authorized to state that Judge Sognier joins in this dissent.

DECIDED DECEMBER 4, 1987 —
REHEARING DENIED DECEMBER 18, 1987.

*Daniel C. Kniffen,* for appellants.
*Dewey N. Hayes, Jr.,* for appellee.