77756, 77757. FRANCHISE ENTERPRISES, INC. et al. v. SULLIVAN; and vice versa.

(380 SE2d 68)

POPE, Judge.

Claimant-employee, Kathy Sullivan, sustained a compensable work-related injury and was paid benefits by her employer, Franchise Enterprises, Inc. Originally, she was treated by Dr. Perry L. Cohn. On

June 30, 1987, an Administrative Law Judge (ALJ) granted the employer's request for a change of physicians to Dr. Peter O. Holliday which was brought on the grounds that the employee was not improving under Dr. Cohn's care and that Dr. Cohn recommended an experimental and questionable method of treatment. On November 11, 1987, the employee requested a change of physicians, asking that she be placed back under the care of Dr. Cohn. The request was denied by the ALJ on December 29, 1987. The employee appealed to the full board and moved that the board remand the case to an ALJ for the purpose of receiving additional evidence, pursuant to OCGA § 34-9-103 (a) and Board Rule 103 (c). In support of its motion to remand, the employee claimed that additional evidence would show that Dr. Holliday and Dr. Stephanis, to whom Dr. Holliday referred the employee, were not willing to accept responsibility for her treatment. The employee claimed that Dr. Holliday cancelled, without rescheduling, the employee's January 6 appointment and that Dr. Stephanis, to whom the employee was referred for emergency treatment prior to Dr. Holliday's first available appointment, declined to accept the referral. The board affirmed the ALJ's denial of the employee's request for change of physicians, as follows: "Upon consideration of the record, including objections received by the Board, the award of Judge Murray dated December 29, 1987, is made the award of the Board."

On appeal, the superior court found the board's award to be deficient and remanded "for the purpose of compiling a record complete with the findings of fact, conclusions of law and rulings on motions pending." The employer appeals the order of the superior court on the ground that the order was not deficient on its face; the employee also appeals, arguing that the superior court erred by failing to reverse the board's award.

## Case No. 77756

1. " 'The provisions of [OCGA § 34-9-102], insofar as they require that awards of the board must be accompanied by findings of fact, relate only to such awards as grant or deny compensation, or change the amount of compensation to be paid the employee.' " *Employers Mut. &c. Ins. Co. v. Hood*, 137 Ga. App. 555, 556 (224 SE2d 460) (1976), quoting *Bryant v. Fidelity & Cas. Co.*, 114 Ga. App. 853, 855 (5) (152 SE2d 759) (1966). See also *West Point Pepperell v. Luallen*, 147 Ga. App. 135 (2) (248 SE2d 287) (1978). Here, the board did not award, deny or change the amount of benefits to be paid the claimant but merely affirmed the ALJ's denial of a request for change of physicians pursuant to the discretion granted the board by OCGA § 34-9-200 (b). "[T]he . . . decision of the full board on a request for a change of physicians is discretionary." *Columbus Foundries v. Moore*,

175 Ga. App. 387, 388 (333 SE2d 212) (1985). Consequently, the proper standard of review for such a decision is whether the board acted arbitrarily or in excess of its powers. Id. The board's ruling recites that it was made upon a review of the record. The superior court thus erred in remanding the case to the board for issuing findings of fact and conclusions of law. We remand the case to the superior court with direction to rule on the appeal from the board's order in accordance with the standard of review set forth in *Columbus Foundries*: i.e., to determine whether the board acted arbitrarily or in excess of its discretionary powers.

2. The employer also argues the court erred in finding the board did not rule on the employee's motion to remand to the ALJ for receipt of additional evidence and in remanding the case to the board with instructions to issue a ruling on the motion. In support of this enumeration of error, the employer relies upon *Hartford Accident &c. Co. v. Snyder*, 126 Ga. App. 31 (189 SE2d 919) (1972), in which this court held that the board did not err in failing to make an express ruling on a motion to consider newly discovered evidence because, where the order shows the board considered the "entire record," it is to be presumed that the board did consider the evidence. Id. at 34. However, the assumption that the board did consider additional evidence is no longer applicable because, as a result of a revision to Board Rule 103 (c), effective July 1, 1985, the board may no longer receive additional evidence on appellate review but may remand to an ALJ for that purpose.

In deciding whether to remand a case to the ALJ to receive newly discovered evidence, the board is directed to apply the law of Georgia regarding the nature and character of newly discovered evidence required for the granting of a new trial. Rule 103 (d) of the Rules of the State Board of Workers' Compensation. See also *Hartford Accident &c. Co.*, supra at (3). Evidence is not newly discovered if it was known to a party at the time of the original hearing. Id. at (2). By unsworn and unauthenticated copies of correspondence between the employee's attorney and the two doctors in question, the employee attempted to show, in support of her motion, that Dr. Holliday refused to refer her to another physician for treatment prior to the date of his first available appointment. However, the correspondence shows that Dr. Holliday did make a referral to Dr. Stephanis, but Dr. Stephanis declined to see the patient because she had already been treated by a neurosurgeon. Moreover, the facts surrounding the employee's request for referral were known to the employee prior to the date the ALJ denied her request, so that it was not newly discovered evidence. The employee never submitted any evidence to support her claim that Dr. Holliday cancelled her January 1988 appointment without rescheduling.

The employer objected to the employee's motion to remand on the ground the evidence submitted in support of the motion was inadmissable hearsay. Disregarding the hearsay issue, the correspondence submitted by the employee in support of her motion shows on its face that the employee was not entitled to have the case remanded because it failed to meet the standards required for the granting of a "new trial." Although the board should expressly rule on motions pending on cases on appeal, see *VMW, Inc. v. Foster*, 185 Ga. App. 405 (364 SE2d 301) (1987), the board's failure to deny the motion expressly was, in this case, harmless error since the record shows the evidence relied on by the employee was, as a matter of law, not "newly discovered" evidence. Cf. id. at 405 (where the evidence on which the claimant relied in the motion to remand was found as a matter of law to be "newly discovered" evidence).

*Case No. 77757*

3. The employee argues the superior court erred in failing to reverse the board's denial of her request for a change of physicians. As noted in Division 1 of Case No. 77756, above, the proper standard of review for the board's decision on a request for a change of physicians is whether the board acted arbitrarily or in excess of its powers. "[A]buse [of the board's discretion] will rarely be found unless the award is so far outside the evidence as to be defective under [OCGA] § 34-9-105 (c)." *Carrollton Coca-Cola Bottling Co. v. Brown*, 185 Ga. App. 588, 590 (365 SE2d 143) (1988). The superior court remanded the case to the board for further proceedings without ruling on the board's order. However, we have reviewed the evidence in the record and find no error in the court's failure to reverse the board's order because it cannot be said as a matter of law that the board's denial of the request for a change of physicians was made arbitrarily.

4. For the reasons set forth in Division 2 of Case No. 77756, above, the court did not err in failing to order the board to grant the employee's motion to remand for the purpose of receiving newly discovered evidence.

*Judgment affirmed in part; reversed in part and case remanded with directions. McMurray, P. J., and Benham, J, concur.*

DECIDED FEBRUARY 24, 1989 —
REHEARING DENIED MARCH 14, 1989.

*Cone & Shivers, Donald M. Shivers*, for appellants.

*Gilbert & Montlick, Stanley W. Herman*, for appellee.