A11A0688. SUBSEQUENT INJURY TRUST FUND, STATE OF GEORGIA v. CITY OF ATLANTA et al.
(713 SE2d 706)

MILLER, Presiding Judge.

In this case of first impression, we granted the Subsequent Injury Trust Fund's (the "Fund")[1] application for discretionary review to determine whether an employer's advance payment to an employee under OCGA § 34-9-222 constitutes the payment of an income benefit for purposes of calculating the 78-week time limitation for filing a claim for reimbursement under OCGA § 34-9-362

---

[1] The Fund reimburses employers who hire employees with pre-existing disabilities "when an injury to a disabled worker merges with a pre-existing permanent impairment to cause a greater disability than would have resulted from the subsequent injury alone." OCGA § 34-9-350.

(a).[2] The superior court found that the claim for reimbursement filed by Employer/Self-Insurer City of Atlanta and its servicing agent, NovaPro Risk Solutions (collectively, the "City") was proper and not time-barred, and, in doing so, reversed the award of the State Board of Workers' Compensation (the "Board") which held that the City's claim was time-barred. The Board reasoned that "only 59 weeks of income benefits had been paid as of October 15, 2002 when the [City's] claim was filed."

The Fund appeals, asserting that it was required to deny the City's claim as untimely, since the City's advance payment to the employee, in addition to temporary total disability ("TTD") income benefits being paid, equated to more than 78 weeks of paid income benefits, triggering its 78-week claims limitation. We conclude that a lump sum payment of future income benefits to prevent extreme hardship is not subject to conversion into weekly income benefits paid to compensate for lost income in calculating the expiration of the foregoing limitation on claims. Accordingly, we affirm.

> In the absence of legal error, the factual findings of the Board must be affirmed by the superior court and by the Court of Appeals when supported by any evidence in the administrative record. Erroneous applications of law to undisputed facts[, as here], as well as decisions based on erroneous theories of law, however, are subject to the de novo standard of review.

(Citation and punctuation omitted.) *Strickland v. Crossmark, Inc.*, 298 Ga. App. 568, 569 (680 SE2d 606) (2009).

The relevant facts are undisputed. On April 5, 2001, Ollie Thornton sustained a compensable work injury while employed by the City. He initially received his salary in lieu of workers' compensation benefits, but on September 2, 2001, he began receiving workers' compensation TTD income benefits. On May 30, 2002, the Board issued an order finding that an advance of $12,000 was in "[Thornton's] best interest to prevent extreme hardship." On June 21, 2002, the City paid Thornton $12,000 pursuant to such order. The Board's order provided that the advance was to be credited against the City's liability to pay the employee permanent partial disability ("PPD") income benefits in the future.[3] On October 15,

---

[2] OCGA § 34-9-362 (a) requires that "[a]n employer or insurer shall notify the administrator of the [F]und of any possible claim against the [F]und as soon as practicable, but in no event later than 78 calendar weeks following the injury or the payment of an amount equivalent to 78 weeks of income or death benefits, whichever occurs last."

[3] Under the Workers' Compensation Act, an injured employee may receive TTD benefits

2002, after having been paid TTD benefits for 59 weeks, the City notified the Fund of a potential claim for reimbursement.

The City settled Thornton's workers' compensation case, and then requested reimbursement from the Fund. The Fund, citing OCGA § 34-9-362, denied reimbursement on the ground that the City's October 2002 notice of claim was untimely. The City filed a request for a hearing before the Board to challenge the denial of such request. Following the requested hearing, the administrative law judge ("ALJ") ruled in favor of the Fund, finding that the claim was time-barred, as a matter of law, under OCGA § 34-9-362 (a). The ALJ's decision was adopted as the award of the Board, and, on further appeal to the superior court, the decision in favor of the Fund was reversed. The instant appeal followed.

The Fund maintains that the $12,000 advance paid to Thornton must be considered a payment of income benefits to him for purposes of calculating the running of its 78-week claims limitation. The Fund contends that the superior court erred in finding that the City's payment of the advance at issue pursuant to OCGA § 34-9-222 did not constitute the payment of income benefits for purposes of calculating the time limitation at issue because Georgia law does not allow an employee to receive PPD benefits contemporaneously with the payment of TTD or TPD benefits. See OCGA § 34-9-263 (b) (2), citing OCGA §§ 34-9-261 and 34-9-262, respectively; *Universal Ceramics v. Watson*, 177 Ga. App. 345, 348 (3) (339 SE2d 304) (1985). We are not persuaded.

OCGA § 34-9-222 (b) provides that the Board may order "the employer to make advance payments of a part of . . . future income benefits by payment of a lump sum equal to such part of future payments." Such an award, in addition to other income benefits being received, is authorized to "prevent extreme hardship or [as] essential to the rehabilitation of the claimant. . . ." OCGA § 34-9-222 (a); see also *Edgeman v. Organic Chemical Corp.*, 173 Ga. App. 4, 6 (3) (325 SE2d 400) (1984) (holding that despite the fact that the employee was receiving TTD income benefits, OCGA § 34-9-222 allows for the advance of a lump sum payment credited against any future income benefit due, including PPD income benefits, where the employee faced extreme hardship arising out of a deteriorating financial condition). While the advance at issue is plainly one of PPD income benefits (id.), the record shows that the Board ordered the

for up to 400 weeks while totally disabled from employment as a result of a non-catastrophic work injury. See OCGA § 34-9-261. If the employee returns to work at reduced pay because of the injury, he may be entitled to temporary partial disability benefits (TPD). See OCGA § 34-9-262. PPD benefits may only be paid after the employee is no longer entitled to receive TTD or TPD benefits. OCGA § 34-9-263 (b) (2).

advance upon crediting it against the City's liability for such benefits due in the future and as in "[Thornton's] best interest to prevent extreme hardship." The advance, therefore, was not ordered to further compensate Thornton for present lost wages as would have been the case had the advance not been ordered pursuant to the Board's broad authority to provide extraordinary relief under OCGA § 34-9-222. See *Mickens v. Western Probation Detention Center*, 244 Ga. App. 268, 269 (1) (534 SE2d 927) (2000) (OCGA §§ 34-9-261 and 34-9-262 compensate for lost wages). Consequently, we conclude (i) that the advance, as ordered, was authorized (see *Edgeman*, supra, 173 Ga. App. at 6 (3)), and (ii) that Georgia law prohibiting an employee's receipt of PPD income benefits contemporaneously with the payment of TTD or TPD income benefits, as above, was not violated.

Given the foregoing, we further conclude that an advance of future income benefits paid to foreclose extreme hardship, rather than to compensate for present lost wages, as here, is not subject to conversion to the equivalent of weekly income benefits paid within the meaning of the 78-week limitation on the receipt of income benefits as set out in OCGA § 34-9-362 (a). The Workers' Compensation Act was enacted to serve a humane purpose. See *Schwartz v. Greenbaum*, 236 Ga. 476, 477 (1) (224 SE2d 38) (1976). To interpret the Act otherwise as to the Board's power to make advance payments of future income benefits to provide relief in extraordinary circumstances would ill serve that high purpose. And in circumstances of Board-ordered advance payments made late in the 78-week limitation period, such an interpretation would operate to deny most employers, so situated, reimbursement of lump sums advanced in good faith under OCGA § 34-9-222. This we decline to do.

Accordingly, the City's claim for reimbursement is timely, and reversal of the Board's order is required. Consequently, the City is entitled to consideration of its claim for reimbursement, as appropriate.

*Judgment affirmed. Ellington, C. J., and Doyle, J., concur.*

DECIDED JULY 6, 2011 —

*Thurbert E. Baker, Attorney General, Harrison & Llop, Rita J. Llop*, for appellant.

*Swift, Currie, McGhee & Hiers, Timothy C. Lemke, Ashley D. Alfonso*, for appellee.