38922. MAYOR & COUNCIL OF CITY OF ATHENS v. COOK.

DECIDED JULY 10, 1961.

*James Barrow,* for plaintiff in error.

*Guy B. Scott, Jr.,* contra.

BELL, Judge. The question for decision is whether the State Board of Workmen's Compensation may lawfully make an award of a lump sum payment of contingent attorney's fees in a death case without (a) a specific finding that such an award is in the best interest of the dependent widow, or that it will prevent undue hardship on the employer without prejudicing the interest of the dependent widow and (b) without any evidence in the record on which such a finding might be based.

The record before us contains no evidence presented at the hearing on the application for lump sum payment of attorney's fees.

*Code Ann.* § 114-417, authorizing the redemption of workmen's compensation awards by a lump sum, provides to the extent here relevant, "Whenever any weekly payment has been continued

for not less than 26 weeks, the liability therefor may, when the State Board of Workmen's Compensation deem it to be to the best interest of the employee or his dependents, or where it will prevent undue hardship on the employer or his insurance carrier, without prejudicing the interests of the employee or his dependents, be redeemed, in whole or in part. . ."

In *Lumbermen's Mut. Cas. Co. v. McIntyre*, 67 Ga. App. 666 (21 SE2d 446), there had been a prior award in favor of the claimant for total disability for a period not exceeding the statutory maximum. Approximately eleven months later an award was made to the effect that after due consideration the board was of the opinion that it would be to the best interest of the claimant to grant the remaining payments of compensation in a lump sum. The insurer was ordered to pay the lump sum balance. The record there revealed that no evidence was heard on the application of the claimant to have the compensation paid in a lump sum. In reversing the award, this court held that the board erred in making the award of a lump sum without hearing any evidence on the statutory requirements as to whether it was to the best interest of the employee or her dependents or as to whether it would prevent any undue hardship to the employer or his insurance carrier. The statutory language, "when the Industrial Board deem it to be the best interest of the employee," was interpreted as being synonymous with being "considered" and "adjudged."

In *Tillman v. Moody*, 181 Ga. 530 (1, 2, 3), 536, 537 (182 SE 906), the Supreme Court held that an agreement for a lump sum settlement, even though approved by the board (then the Department of Industrial Relations), was contrary to public policy and void, since it did not conform to the terms of the act; that the board is without jurisdiction or authority to approve any lump sum settlement not made in conformity with *Code Ann.* § 114-417; and that the authority there conferred is limited to a determination of whether or not a lump sum settlement will be to the best interest of the employee or his dependents or will prevent undue hardship on the employer or his insurance carrier without prejudicing the interests of the employee or his dependents.

The award in the present case contains no determination as to either of these alternatives, and must be reversed.

While it may be difficult to ascertain whether or not the lump sum payment of attorney's fees can affect the best interest of the employee or his dependents, or awarding it would prevent undue hardship on the employer or his insurance carrier without prejudicing the interest of the employee or his dependents, evidence sufficient to support a finding of either one or the other of the statutory requirements must be presented, and the board must find either one or the other, before it is authorized to make such an award.

*Judgment reversed. Felton, C. J., and Hall, J., concur.*