### 40555. TRAVELERS INSURANCE COMPANY et al. v. WILLIAMS.

BELL, Presiding Judge. The claimant in this appeal is the widow of an employee who by agreement of the employer and the insurer was awarded weekly compensation payments under the Workmen's Compensation Act. Thereafter the widow sought and was granted a lump sum award in lieu of the weekly payments. The employer and the insurer opposed the grant of the lump sum award at the hearing before the board, appealed the award to the superior court, and now bring exceptions to the judgment of affirmance entered by that court. *Held:*

1. It is a condition precedent to the award of a lump sum payment on the application of a claimant that a hearing be had on the question and evidence be presented sufficient to au-

thorize a finding of fact by the State Board of Workmen's Compensation that the lump sum award will be "to the best interest of the employee or his dependents." *Code Ann.* § 114-417. *Mayor &c. of Athens v. Cook,* 104 Ga. App. 136 (121 SE2d 82). Where the evidence, although contradictory, is sufficient to authorize this essential finding of fact the lump sum award will not be reversed by the courts, as the findings of fact made by the board within its power, in the absence of fraud, are conclusive. See annotations under *Code* § 114-710, catchwords "Conclusiveness of findings."

While the evidence in the record here shows that the widow of the deceased employee is not destitute and does not require for her livelihood a lump sum payment, this showing is not decisive as it does not constitute an absolute defense precluding the lump sum award. The showing amounts to nothing more than something which the board might consider in reaching its findings of facts and in rendering its award.

Here the evidence was sufficient to authorize the board to deem it to be to the best interest of the widow as the dependent of the deceased employee that she be awarded a lump sum payment. This is all that is required.

The trial judge correctly affirmed the lump sum award of the State Board of Workmen's Compensation.

2. The motion of the defendant in error asking the court to assess 10% damages upon the judgment because the plaintiff in error appealed the case for the purpose of delay only is denied.

*Judgment affirmed. Jordan and Eberhardt, JJ., concur.*

DECIDED MAY 13, 1964.

*Burt DeRieux, J. Douglas Stewart,* for plaintiffs in error.
*James W. Paris, J. N. Rainey,* contra.