### 40948. BOSTON INSURANCE COMPANY et al. v. SHARPTON.

Bell, Presiding Judge. The State Board of Workmen's Compensation rendered an award of medical and burial expenses and weekly compensation to dependents for the death of Harry Eugene Sharpton. The board subsequently approved a contract for attorney's fees, ordering that the attorney be paid 25 percent of compensation received and accrued to date of the order and every fourth compensation payment thereafter. Several months later, acting upon application of the attorney, the board ordered that the attorney be paid his share of the accrued compensation and ninety percent of the remaining attorney's fees (reduced to then present value) in a lump sum. The employer and insurer appealed to Fulton Superior Court, contending that "There is insufficient evidence to justify the board's findings of fact that it is to the best interest of the claimant that the attorney be awarded a lump sum of his attorney's fees." The employer and insurer now except to the judgment of the superior court affirming the board's order for the lump-sum partial payment of attorney's fees. *Held:*

Where the State Board of Workmen's Compensation makes a lump-sum award of attorney's fees, it is possible, upon the condition of termination of dependency of those entitled to receive payments, that counsel will have received money that the employer and insurer would never have been required to pay in the absence of the lump-sum award. While this factor should be afforded weighty consideration in determining whether the award should be made, it does not preclude the board from making such an award within its power under *Code Ann.* § 114-417. *Employers Liability Assur. Corp. v. Pruitt,* 190 Ga. 479 (9 SE2d 641). This court has suggested previously that in view of all the contingencies which could cause cessation of payments where no lump-sum award is made "injustice will less likely occur if the award of lump-sum payments be sparingly granted." *Hartford Acc. &c. Co. v. Fuller,* 102 Ga. App. 384, 388 (116 SE2d 628). However, it is not within the province of this court to control these awards except in rare circumstances where it is authorized by law.

Before the State Board of Workmen's Compensation may law-

fully make an award of a lump-sum payment of contingent attorney's fees in a death case, there must be (a) a specific finding that such an award is in the best interest of the dependents, or that it will prevent undue hardship on the employer without prejudicing the interests of the dependents and (b) sufficient evidence in the record upon which such a finding might be based. See *Mayor &c. of Athens v. Cook,* 104 Ga. App. 136 (121 SE2d 82).

In this case there is no issue as to the first requirement stated in *Cook.* As to the second, the widow of the deceased testified she had one minor son aged 14 and another son aged 18; she was not working; she was drawing compensation in the amount of $76.50 per month; and that it would be to her advantage to draw compensation for four full weeks a month. Counsel stipulated that the widow was the guardian of her sons. It appears from the record that the attorney received every fourth check under the original award. The award granting the partial lump-sum attorney's fees provided that the widow should thereafter receive her compensation in weekly payments. The award meant that she would get no more ultimately but would get it quicker by receiving every weekly installment in lieu of only three out of four. This, in effect, is what she testified would be to her advantage. The balance of the attorney's fees would be paid weekly to counsel at the ending portion of the compensation period.

The evidence authorized the award of a partial lump-sum payment of attorney's fees.

*Judgment affirmed. Jordan and Eberhardt, JJ., concur.*

Decided January 19, 1965.

Powell, Goldstein, Frazer & Murphy, Warner R. Wilson, Jr., Frank Love, Jr., for plaintiffs in error.

Walter O. Allanson, contra.