41371. HYDE v. ATLANTIC STEEL COMPANY.

DEEN, Judge. 1. (a) It is well settled that the Board of Workmen's Compensation, being an administrative body clothed with quasi-judicial functions, has no power save that conferred on it by statute, and that it does not have any power, even within the 30-day period following its award in which an appeal can be made, to vacate or modify its decision. *St. Paul Fire Ins. Co. v. Bridges,* 106 Ga. App. 621 (127 SE2d 699); *Murdock v. Perkins,* 219 Ga. 756 (3) (135 SE2d 869). Apparently this also precludes the board

from re-opening the case on a petition for rehearing on the ground of newly discovered evidence. See *Gravitt v. Georgia Cas. Co.*, 158 Ga. 613 (123 SE 897) citing Conner's Case, 121 Me. 37 (115 A 520). See also 165 ALR, Anno., pp. 9, 449, n. 16.

(b) It is recognized that such a ruling is essentially unfair in a case where the newly discovered evidence would necessarily result in a different determination of the case, as where medical findings, not available at the time of the hearing before the hearing director or the board, show a mistaken diagnosis and the true facts would establish that the claimant's injury was or was not related to the employment, contrary to the facts found. As stated in *Bridges,* supra, this is a matter which calls for legislative correction, but which is not otherwise subject to review, for at present the board has no power to vacate or modify its awards, and the appellate courts have no power to reverse an award because of newly discovered evidence.

2. The denial of compensation on the ground that no notice of accident was given the employer as required by *Code* § 114-303 was proper under the evidence before the board at the time.

The superior court did not err in affirming the award of the full board.

*Judgment affirmed. Felton, C. J., and Jordan, J., concur.*

SUBMITTED JUNE 7, 1965—DECIDED JULY 9, 1965—REHEARING DENIED JULY 21, 1965.

*Melvin Pazol, Henry N. Payton,* for plaintiff in error.
*Jones, Bird & Howell, Ralph Williams, Jr.,* contra.