## 53534. HARTFORD INSURANCE COMPANY et al. v. WHITE.

McMURRAY, Judge.
 On March 19, 1970, an employee was fatally injured in the course of his employment with Colonial Iron Co., whose insurer was Hartford Insurance Company. Benefits were thereafter paid to his six dependents, that is, two children by one mother; three children by another mother; and lastly to the widow alone. The widow later remarried and her benefits were terminated as of the date of her remarriage. One of the dependent children then

married and another reached majority at a later date. In addition, advance lump sum fees to the attorneys were authorized by the board. Several other changes in the award were made and were not contested. On July 29, 1975, pursuant to the request of counsel for employer/insurer and based on the previous awards and undisputed facts of record, the board set out the entitlements of the claimants and counsel in the above matter, and the insurer was authorized and directed to make and issue payments to conform to the findings of fact and conclusions of law as shown in that order. No appeal was taken from that award.

Thereafter, on November 20, 1975, another hearing was held for the purpose of resolving questions raised by the insurer that if payments are continued pursuant to the latest award (July 29, 1975) the company would end up paying in excess of $17,000, which was the alleged statutory limit provided by Code § 114-413 (b), as amended (Ga. L. 1968, pp. 3, 5), by reason of the board having advanced lump sum fees to the attorneys and by the continued payments of benefits to certain claimants after their dependency had expired. It sought to obtain an award from the board as to its liability or so as to keep its liability within the statutory limits by taking credit for overpayments and applying the same to the balance owing the remaining beneficiaries who would as a consequence be deprived of the full benefits to which they are entitled under the awards.

The administrative law judge found that the question of attorney fees was decided by a lump sum award dated August 2, 1971; the question of payments to the remaining beneficiaries was decided by the award of the full board dated July 29, 1975; and any overpayments made by the employer/insurer were occasioned by its failure to terminate payments to dependents who had become ineligible; and that no appeals were taken from any of the awards by any of the parties to this claim within the statutory limit allowed for appeals. The conclusions of law were that the award of attorney fees was a valid exercise of the board's authority; overpayments made to some claimants or to some attorneys could not be used as credits to deprive other claimants of benefits to which

they were entitled as dependents of the deceased; and under the provisions of Code § 114-710 no application for review having been made within the required time, the awards have become final and are conclusive and binding as to all questions of fact. The award was to pay the attorneys in accordance with the direction of payment of the attorney fee awards of the full board dated August 2, 1971, and the employer/insurer to continue to pay compensation to the guardian for the use of the three remaining dependent children as provided in the award of the full board dated July 29, 1975.

On appeal to the superior court the award was affirmed, and the court proceeded to award the claimant attorney an additional attorney fee for defending the appeal in the amount of $500. The employer/insurer appeals. *Held:*

1. Where a lump sum award of attorney fees has been made by the board it is possible that upon the condition of termination of dependency of those entitled to receive payments, counsel may receive money that the employer/insurer would never be required to pay in the absence of the lump sum award, but it is not within the province of the appellate court to inquire into the circumstances, especially where there was no appeal and review of that question at the time of the award of attorney fees. See in this connection *Boston Ins. Co. v. Sharpton,* 111 Ga. App. 16 (140 SE2d 302) and cits.

2. Enumerations of error 1 through 5 are all concerned with the argument that under the authority of Code § 114-413 (b), as amended (supra), the dependents of the deceased were entitled to receive compensation at the rate of $42.50 a week (85% of $50) for 400 weeks, or a maximum of $17,000. The insurer, as the appellant, contends that by requiring it to comply with the board's award of July 29, 1975 (no appeal having been taken therefrom), would subject it to a liability in excess of $17,000 by a considerable amount. But examination of Code Ann. § 114-413 (b), supra, does not award a maximum sum as the insurer contends, merely calling for payments weekly for a maximum number of weeks only. Because of modifications, an award of lump sum amounts and other changes, the maximum amount of payments

(400 weeks) may never be made. Nor has it been clearly shown in this instance that in the event the award is continued for the total 400 weeks that the amount would exceed $17,000. Indeed, we do not have the award of the lump sum payments of attorney fees for consideration, nor has it definitely been shown that any overpayments have been made to any of the dependents. None of these enumerations of error is meritorious.

3. The remaining enumeration of error complains of an award of attorney fees by the superior court on appeal under the provisions of Code Ann. § 114-712 (Ga. L. 1937, pp. 230, 233; 1937, pp. 528, 535; 1943, pp. 167-169). In the event the trial court shall determine that such proceeding has been brought, prosecuted or defended without reasonable ground it may award "reasonable attorney fees." However, under the authority of *U. S. Cas. Co. v. White,* 108 Ga. App. 539 (2) (133 SE2d 439), there appears to have been no evidence submitted before the trial court as to the contention that this was a frivolous appeal, the insurer had acted in bad faith in stopping payments on numerous occasions without proper grounds, and as to whether or not the award of additional attorney fees as made was reasonable. Accordingly, the judgment of the superior court affirming the award of compensation is affirmed, but is reversed with direction that a hearing be held as to the above matters.

*Judgment affirmed in part; reversed in part with direction. Bell, C. J., and Smith, J., concur.*

ARGUED FEBRUARY 28, 1977 — DECIDED APRIL 19, 1977 — REHEARING DENIED MAY 16, 1977 —

*Adams, Adams, Brennan & Gardner, Edward T. Brennan, Kathleen Horne,* for appellants.
*Jack E. Miller,* for appellee.