68203, 68204. JOHNSON v. ATLANTA DAIRIES COOPERATIVE
et al.; and vice versa.
(323 SE2d 185)

QUILLIAN, Presiding Judge.

The State Board of Workers' Compensation approved claimant's application for a lump sum advance in the amount of $2,000. The employer/insurer appealed to the Superior Court and urged that the board erred because 1) there was no evidence to support the board's determination; 2) the board failed to make the necessary finding that the lump sum award was either "for the best interest of the claimant to prevent extreme hardship" or "essential to the rehabilitation of the claimant"; 3) despite the request of employer/insurer no hearing was held.

The superior court judge found the first two grounds to be without merit but reversed predicated on the third ground — the failure to formally hear the issues. The employee and the employer/insurer filed applications for discretionary appeal which this court granted. Case 68203 involves the employee's appeal from the trial judge's reversal because there was no hearing. Case 68204 is employer/insurer's cross-appeal contending that it was error not to reverse on grounds one and two also. *Held*:

As was previously mentioned in this statement of this case, after the claimant applied for a lump sum award, the employer/insurer addressed a letter to the board objecting to the award of a lump sum and requesting that the matter be set down for a hearing. The board entered its award without conducting a hearing.

In *Travelers Ins. Co. v. Williams*, 109 Ga. App. 719 (137 SE2d 391) this court noted that: "It is a condition precedent to the award of a lump sum payment on the application of a claimant that a hearing be had on the question and evidence be presented sufficient to authorize a finding of fact by the State Board of Workmen's Compensation that the lump sum award will be 'to the best interest of the employee or his dependents.'"

*Mayor &c. of Athens v. Cook*, 104 Ga. App. 136, 138 (121 SE2d 82) cited by the court in *Travelers Ins. Co.*, supra, required merely that the board hear evidence on the statutory requirements. The court there also pointed out with reference to the holding in *Lumbermen's Mut. Cas. Co. v. McIntyre*, 67 Ga. App. 666 (21 SE2d 446); "The statutory language, 'when the Industrial Board deem it to be the best interest of the employee,' was interpreted as being synonymous with being 'considered' and 'adjudged.'" *Mayor &c. of Athens v. Cook*, 104 Ga. App. 136, 138, supra. At that time Code § 114-417 as amended through Ga. L. 1963, pp. 141, 151, was in effect. Since then, in 1978, the old section was superseded and a new section substituted in lieu thereof. Ga. L. 1978, pp. 2220, 2226. This is now found in

OCGA § 34-9-222.

In construing the present code we consider the language contained therein. OCGA § 34-9-222 now reads: "Upon the application of any party when benefits have been continued for a period of not less than 26 weeks, if the board determines that it is for the best interest of the claimant to prevent extreme hardship or is essential to the rehabilitation of the claimant, the board may order that the liability of the employer for future income benefits be discharged by the payment of a lump sum equal to the sum of all future payments . . ."

Based on the past history of this section in conjunction with the terminology utilized we now hold that the board has a discretion in making its determination as to whether to award a lump sum award or advance. Such discretion is a legal one, neither arbitrary nor untrammeled, and must be supported by competent proof. However, we find no requirement that there be a formal hearing or that oral testimony and evidence be adduced.

Instead, the board may, as appropriate, conduct a formal hearing or may consider the application based on depositions, interrogatories, verified documents, etc. This is true with the proviso that the party or parties opposing the application for a lump sum award or advance be afforded opportunity to refute and rebut the moving party's assertion, including the right to test credibility by cross-examination during the taking of a deposition and by use of counter interrogatories. Where necessary to preserve fairness, on a proper showing, the board or an ALJ might be required to conduct an evidentiary hearing.

*Travelers Ins. Co. v. Williams*, 109 Ga. App. 719, supra, insofar as it holds that a formal hearing must be held in order to grant a lump sum award is hereby overruled.

Nevertheless, there is no reason to deviate from the sound principle that the board must make a determination that the statutory requirements exist.

We find the reasoning of *Employers Mut. &c. Ins. Co. v. Hood*, 137 Ga. App. 555, 556 (224 SE2d 460) still appropriate. " 'The provisions of Code § 114-707, insofar as they require that awards of the board must be accompanied by findings of fact, relate only to such awards as grant or deny compensation, or change the amount of compensation to be paid the employee' . . . Accordingly, no definite findings of fact need be set out other than the findings of the board where they hold the opinion that a lump-sum settlement would be in the best interest of the claimant and would not work a hardship on the employer/insurer."

In summary: 1) the board must decide whether the grant of a lump sum is either "for the best interest of the claimant to prevent extreme hardship or is essential to the rehabilitation of the claimant," 2) the board's finding must be based on competent evidence; 3) ex-

cept in extraordinary circumstances, no formal hearing need be held.

Here the board failed to make the requisite statutory findings and therefore must be reversed.

The judgment is therefore reversed with direction that the case be remanded to the board for consideration in conformity with our opinion.

*Judgments reversed with direction. McMurray, C. J., Deen, P. J., Banke, P. J., Birdsong, Carley, Sognier, Pope, and Benham, JJ., concur.*

DECIDED SEPTEMBER 12, 1984 —
REHEARING DENIED OCTOBER 17, 1984 

*E. Lamar Gammage, Jr.,* for appellant.
*Benjamin H. Terry, Mark S. Gannon,* for appellees.