### 76166. INTERNATIONAL ENERGY STRUCTURES et al. v. FENNELLY.
(370 SE2d 523)

McMURRAY, Presiding Judge.

Claimant suffered a compensable injury in this workers' compensation case on August 14, 1983. He received temporary total disability benefits of $135 per week. Thereafter, on April 2, 1987, claimant sought a lump sum advancement of $5,500. The request was made by claimant's counsel who explained in a letter that claimant needed $2,700 to pay Piedmont Hospital (for medical expenses unrelated to claimant's injury) and $2,300 for a used automobile. (In connection with the automobile, claimant's counsel explained: "The employee . . . is receiving treatment from various physicians and hospitals and is in desperate need of transportation. . . . The employee has visited many used car lots in the Cobb County area where he lives and has determined that he can purchase an old, used automobile for $2,300.00. This automobile would be used almost exclusively for transportation to the various treating physicians, hospitals and physical therapist.") The balance of the request, $500, was "for attorney's fees in preparing the application."

In conjunction with the letter request submitted by claimant's counsel, claimant filed an application for advance payment upon which he set forth the state of his finances. The application was unsworn. No other documentation was submitted by claimant.

The employer/insurer objected to the application for advance payment. It pointed out, inter alia, that claimant failed to submit affidavits and documentation in accordance with Rule 222 of the Rules and Regulations of the State Board of Workers' Compensation and that the statements made by claimant's attorney were based on hearsay. Based on its objections, the employer/insurer sought a hearing to consider the merits of claimant's lump sum application.

Thereafter, without holding a hearing, the full board issued an award in which it found that a "lump sum advance is in the best interest of claimant to prevent extreme hardship" and that such an "advance will not work an undue hardship on employer/insurer." It

approved the application in the amount of $2,800 ($2,300 and $500 attorney fees) and ordered the reduction of claimant's weekly benefits to repay the advance and interest. In this regard, the employer/insurer was authorized to reduce claimant's weekly benefits by $5 per week for 700 weeks.

The employer/insurer appealed the award of the board to the superior court. The award was affirmed and the employer/insurer applied for discretionary review. We granted the employer/insurer's discretionary review application and this appeal followed. *Held:*

1. Ordinarily, the parties in a workers' compensation proceeding are entitled to a hearing in order to present their claims or defenses. *Miller v. Brunswick Pulp &c. Co.*, 184 Ga. App. 172 (360 SE2d 754). When it comes to lump sum advances, however, formal hearings are not always required. *Johnson v. Atlanta Dairies Co-op.*, 172 Ga. App. 403 (323 SE2d 185). "Instead, the board may, as appropriate, conduct a formal hearing or may consider the application based on depositions, interrogatories, verified documents, etc." Id. at 404.

Rule 222 of the Rules and Regulations of the State Board of Workers' Compensation, applicable to the case sub judice, is based on this court's decision in *Johnson v. Atlanta Dairies Co-op.*, supra. In pertinent part, it provides that lump sum payments can be approved by the board without a hearing upon the consideration of affidavits and documentation demonstrating a need for the payment, the current physical condition of the claimant, a proposed method of repayment and the attorney's fee for handling the application. Specifically, the rule requires the filing of an affidavit setting forth claimant's living expenses, debts and total household income. Moreover, it mandates the filing of an affidavit setting forth the "emergency needs" of claimant "to prevent undue hardship."

A review of the record discloses that the verified documentation contemplated by Rule 222 (and *Johnson v. Atlanta Dairies Co-op.*, 172 Ga. App. 403, supra) was not submitted by claimant in the case sub judice. Yet, over the objection of the employer/insurer, the board granted claimant's request for a lump sum advance. In so doing, the board erred. Why? Because lump sum awards "must be supported by competent proof." *Johnson v. Atlanta Dairies Co-op.*, supra at 404. And this contemplates the submission of *verified documentation* unless evidence is presented at a formal hearing. Id.

The board is vested with a legal discretion in determining whether to award a lump sum advance. *West Point Pepperell v. Luallen*, 147 Ga. App. 135 (1) (248 SE2d 287). In the case sub judice, the board abused its discretion in failing to base its award upon competent proof. See generally *Johnson v. Atlanta Dairies Co-op.*, 172 Ga. App. 403, supra at 404. It follows that the superior court erred in affirming the award of the full board.

2. In view of our ruling in Division 1, we need not consider the remaining enumerations of error.

*Judgment reversed. Pope and Benham, JJ., concur.*

DECIDED JUNE 3, 1988.

*Donald M. Shivers,* for appellants.
*Jack O. Morse,* for appellee.