A90A0707. COOK v. JORDAN BRADLEY SUPPLY COMPANY et al.
(394 SE2d 400)

McMURRAY, Presiding Judge.

On March 4, 1988, the State Board of Workers' Compensation denied appellant Cook's request for disability benefits. Over six months later, Cook requested a hearing before an administrative law judge for the purpose of opening the record for the introduction of newly discovered evidence. On February 17, 1989, the administrative law judge denied Cook's request, holding that there is "no provision of law which will permit the reopening of the record for the introduction of newly discovered evidence." Appeals to the full board of the State Board of Workers' Compensation and to the superior court were fruitless. We granted Cook's application for appeal to determine whether he was entitled to a hearing for the purpose of determining whether the record should be opened for the introduction of newly discovered evidence. *Held*:

Rule 103 (d) of the Rules and Regulations of the State Board of Workers' Compensation provides as follows: "Except as provided in (c), the board will apply the law of Georgia regarding the nature and character of newly discovered evidence required for the granting of a new trial." Cook argues that this administrative rule authorized an OCGA § 5-5-41 (a) hearing on his extraordinary motion for new trial. We do not agree as it is the statutory provisions of the Workers' Compensation Act, not the Board's administrative rules, which determine the Board's jurisdiction.

"It is well settled that the Board . . . , being an administrative body clothed with quasi-judicial functions, has no power save that conferred on it by statute, and that it does not have any power, even within the 30-day period following its award in which an appeal can be made, to vacate or modify its decision. [Cits.] *Apparently this also precludes the [B]oard from re-opening the case on a petition for re-hearing on the ground of newly discovered evidence. [Cits.]*" (Emphasis supplied.) *Hyde v. Atlantic Steel Co.*, 112 Ga. App. 136 (1a), 137 (144 SE2d 232) (1965). "Neither upon its own motion, nor upon application of the employer and the claimant, has the [Board] the power and authority, under [any] provisions of the [Workers'] [C]ompensation [A]ct ([cit.]), to pass an order reopening a case and granting another hearing for the taking of evidence, and to reconsider the case upon its merits, and thereupon to award compensation to the claimant, after the [Board] has entered [a prior] order . . . finding that the employee in question [is not entitled to workers' compensation benefits]." *Gravitt v. Ga. Cas. Co.*, 158 Ga. 613 (1) (123 SE 897) (1924). In the case sub judice, since there is no statutory authority for Cook to seek or the Board to conduct a post-award hearing on the ground of newly discovered evidence, it necessarily follows that the superior court correctly affirmed the Board's ruling that it had no jurisdiction to hear Cook's request for a hearing to open the record for the introduction of newly discovered evidence.

*Judgment affirmed. Carley, C. J., and Sognier, J., concur.*

DECIDED MAY 11, 1990.

*Littlejohn & Pugh, F. Houser Pugh, for appellant.*
*Swift, Currie, McGhee & Hiers, Mark J. Goodman, for appellees.*