1513

Beverly Juanita ANDREWS, Appellant v. AMISUB OF SOUTH CAROLINA INC., Respondent.

(394 S.E. (2d) 22)

Court of Appeals

*Jack G. Leader* and *Robert A. Bugos,* both of *Spencer & Spencer,* Rock Hill, *for appellant.*

*Robert R. Carpenter* and *Beverly A. Carroll,* both of *Roddey, Carpenter & White,* Rock Hill, *for respondent.*

Heard May 7, 1990.

Decided June 18, 1990.

GOOLSBY, Judge:

Beverly Juanita Andrews brought this negligence action against Amisub of South Carolina, Inc., for injuries she allegedly sustained while under its care. The trial court granted summary judgment in Amisub's favor and Andrews appeals. The question on appeal concerns whether there is a genuine issue of material fact regarding whether the person whose negligence allegedly caused Andrews' injuries was an employee of Amisub. We reverse and remand.

Andrews' complaint alleges that a week after she underwent hip surgery at a hospital owned by Amisub the person transferring her from her wheelchair to her bed "negligently and recklessly dropped [her] right leg, hyperextending the hip, dislocating the hip and thereby ripping out the newly installed artificial joint. . . ." She also alleges that the negligence of Amisub's employee and of Amisub "w[as] the proximate . . . cause of [her] injuries." Amisub denied that "any problems

incurred by [Andrews] were caused by . . . [Amisub] or its employees. . . ."

The trial court subsequently granted Amisub's motion for summary judgment and held "an action cannot be maintained based on the doctrine of *respondeat superior* against a corporate entity due to the alleged actions of an unknown party."

In considering whether the trial court properly granted Amisub's motion for summary judgment, we must liberally construe the pleadings and other documents on file in favor of Andrews, the nonmoving party, and give her the benefit of all favorable inferences that might reasonably be drawn therefrom. *Lattie v. SHS Enterprises, Inc.*, 300 S.C. 417, 389 S.E. (2d) 300 (Ct. App. 1990); *Hatchell v. Jackson*, 290 S.C. 256, 349 S.E. (2d) 407 (Ct. App. 1986).

So construed, the pleadings and other documents on file reflect that the person who transferred Andrews from the wheelchair into her bed was a black woman in her late thirties or early forties, that the woman wore a white uniform, that Andrews had seen this woman at least five or six times during the two weeks she was hospitalized, that the woman came into Andrews' room in the mornings to provide services such as giving her a wash basin, that the woman wore a name tag, that the woman came from another floor, and that the woman in helping Andrews into bed performed a function that hospital personnel such as nurse's assistants, student nurses, LPN's and RN's would be involved in doing. Indeed, Andrews referred to the woman as "the nurse that was putting me into bed."

Reasonable men could infer from the foregoing that the unnamed woman was an employee of Amisub. *See Stevens v. Ford Motor Co.*, 226 Va. 415, 309 S.E. (2d) 319 (1983) (reasonable men could infer from the facts that an unidentified man whose negligence caused a truck driver's injuries was performing tasks normally carried out by an employee and that he was, therefore, an employee). The question, then, is one for the jury. *Id.*

Reversed and remanded.

SHAW and BELL, JJ., concur.