A90A1950. ACTION STAFFING et al. v. SPALDING FORD-LINCOLN-MERCURY et al.
(403 SE2d 61)

BEASLEY, Judge.

This is a dispute between two successive employers and their respective insurers concerning liability for workers' compensation benefits for employee/claimant Todd.

On February 15, 1988, Todd suffered an injury to his back while

working for Action Staffing. His job duties involved a great deal of lifting. He was out of work for several months but returned in early June 1988. Todd continued to suffer some disability and so sought employment as a mechanic with Spalding Ford-Lincoln-Mercury that same month. He did not miss work at Spalding for several months. On September 14, he felt a sharp pain in his back while he was pushing a vehicle into the garage. At the recommendation of Spalding, Todd obtained medical treatment and was found disabled to return to normal duty work.

Pursuant to the employee's application, a hearing was held before the ALJ the following April to determine whether Todd had sustained a change of condition from the February 15 injury, while working for Action Staffing, or a new injury on September 14, while working for Spalding. Pursuant to Board Rule 102 (e), the ALJ issued an interlocutory order on April 21 directing Action Staffing and its insurer, Aetna Casualty & Surety Company, to pay claimant's income benefits pending determination of whether claimant had sustained a change of condition or a new accident.

The ALJ issued an award on July 21, concluding that claimant had sustained a new accident arising out of and in the course of his employment with Spalding on September 14, so that Spalding and its insurer, First Southern Insurance Company, were responsible for payment of benefits and medical expenses. Spalding and First Southern were directed to reimburse Action Staffing and Aetna for benefits paid pursuant to the interlocutory order. The full Board affirmed the award.

Spalding and First Southern appealed to the superior court and filed a motion to remand for the Board to consider "newly discovered evidence" in the form of affidavits from medical providers stating that Action Staffing/Aetna had authorized medical care, including surgery, for claimant at the time they were denying liability. The contention was that by this authorization of medical care, Action Staffing/Aetna had constructively acknowledged liability for Todd's disability occurring after the injury of September 14, 1988.

At this same time, Action Staffing/Aetna sought affirmance of the Board's award by operation of law as of February 12, 1990, pursuant to OCGA § 34-9-105 (b) for failure to schedule a hearing within 60 days of the appeal to the superior court.

The court denied the request for an order that the Board award be affirmed by operation of law and granted the motion to remand. We permitted Action Staffing/Aetna this discretionary appeal.

1. OCGA § 34-9-105 (b) provides for appeal to the superior court from a Board award and reads in pertinent part: "The case so appealed may then be brought by either party upon ten days' written notice to the other before the superior court for a hearing upon such

record, subject to an assignment of the case for hearing by the court; provided, however, if the court does not hear the case within 60 days from the date the notice of appeal is filed with the board, the decision of the board shall be considered affirmed by operation of law unless a hearing originally scheduled to be heard within the 60 days has been continued to a date certain by order of the court. In the event a hearing is held later than 60 days after the date the notice of appeal is filed with the board because same has been continued to a date certain by order of the court, the decision of the board shall be considered affirmed by operation of law if no order of the court disposing of the issues on appeal has been entered within 20 days after the date of the continued hearing. If a case is heard within 60 days from the date the notice of appeal is filed, the decision of the board shall be considered affirmed by operation of law if no order of the court dispositive of the issues on appeal has been entered within 20 days of the date of the hearing."

Notice of appeal to the superior court was filed on December 14, 1989. Hearing was set within 60 days for February 9, 1990.[1] At the request of Spalding/First Southern, the appealing parties, the court on January 26 continued the hearing date until March 2 because of the number of cases on the February 9 calendar. On March 2, which was beyond the 60-day period, the hearing date was again rescheduled at Spalding/First Southern's request to April 27. The court entered the order appealed from on May 15, expressly holding that OCGA § 34-9-105 did not prevent the court from re-setting the hearing twice, so long as it was scheduled for hearing to be held within the 60 days and initially rescheduled within the 60 days. It found that the second resetting of the hearing, for April 27, which resetting occurred outside the 60-day period, was caused in whole or in part by Action Staffing/Aetna's erroneous representation to opposing counsel on March 1 that ten-day written notice had not been received.

There was no affirmation of the Board award by operation of law for failure to comply with the requirements of OCGA § 34-9-105 (b). The original hearing date was set within the prescribed 60 days, as was the initial continuance. The first resetting was to a date certain albeit outside the 60-day period, a situation which is specifically addressed in the statute. While there is no language in the statute to expressly permit or prohibit a second resetting of a hearing date, the design of OCGA § 34-9-105 (b) is to "expedite the disposition of worker's compensation claims that have been appealed to the courts of this state." *Felton Pearson Co. v. Nelson*, 260 Ga. 513, 514 (397

---

[1] Compare *AT & T Technologies v. Barrett*, 195 Ga. App. 675 (394 SE2d 22) (1990), where no hearing was scheduled within the 60-day period. The same is true in *Synthetic Indus. v. Camp*, 196 Ga. App. 637 (396 SE2d 518) (1990).

SE2d 431) (1990). Therefore, repeated or unlimited continuing of a hearing would defeat the legislative purpose.

However, in a situation such as the one at bar in which a second resetting within the initially extended time frame was made in order to attempt to satisfy the ten-day notice requirement to the party responding to the appeal below and in which the second resetting was precipitated by the responding party's mistake of fact that statutory notice had not been given, there is no violation of the letter or the spirit of the statute. To find otherwise would be to allow the party who has induced the alleged statutory noncompliance to profit from it and would be to "[exalt] the need for speedy disposition over fair treatment of the parties and the policy of reaching the merits of a controversy." Id. Of course, it *is* the appealing party's burden to assure that a timely hearing is scheduled and held or at least scheduled and continued. *AT & T Technologies v. Barrett*, 195 Ga. App. 675 (395 SE2d 22) (1990). The two time requirements must be construed to serve the overall purpose. The one did not interfere with the other, considering that the statute does not prohibit the court from exercising its discretion to order, beyond the 60-day period, a second continuance.

Thus, the court did not err in concluding that the second resetting was within its authority to order and thus rejecting the proposition that the Board award was affirmed by operation of law.

2. The superior court did err, however, in ordering remand to the Board under the circumstances found by the court.

While the superior court does have the authority to set aside the Board's decision and remand, it can do so only for one of the five statutory grounds. OCGA § 34-9-105 (c) & (d). They do not encompass an assertion of newly-discovered evidence as such. Compare *Dennington v. Rockdale Package Stores*, 161 Ga. App. 450, 451 (1) (288 SE2d 709) (1982); regarding new evidence showing fraud, a ground covered by OCGA § 34-9-105 (c) (2). *Cook v. Jordan Bradley Supply Co.*, 195 Ga. App. 604 (394 SE2d 400) (1990), a case discussed by both parties, differs significantly. There the allegation of newly-discovered evidence was made to the ALJ after the final award of the Board. It was held that there was no statutory authority for the Board (or ALJ) to reopen the case on this ground. In this case we are concerned with the extent of the superior court's authority, not that of the ALJ or Board.

The superior court made no such finding as delineated in the statute. It merely found that Spalding/First Southern had proven the essential elements of newly discovered evidence and that such evidence would be relevant and material to issues before the Board. The movants had not even urged remand on any of the specified statutory bases. In addition, the superior court, even though ordering remand,

768

failed to set aside the Board's decision. See OCGA § 34-9-105 (c).

The superior court's remand to the Board cannot stand and that portion of the court's judgment is reversed. The case is remanded for determination of the merits of Spalding/First Southern's appeal of the Board award in favor of Action Staffing/Aetna.

*Judgment affirmed in part and reversed in part and case remanded. Pope and Andrews, JJ., concur.*

DECIDED JANUARY 31, 1991 —
REHEARING DENIED FEBRUARY 28, 1991 —

*Cone & Shivers, Donald M. Shivers*, for appellants.
*Savell & Williams, Benjamin H. Terry, Carrie L. Christie, Don H. Taliaferro*, for appellees.