A90A1895. CONTINENTAL BAKING COMPANY et al. v. BROCK.
(402 SE2d 331)

BEASLEY, Judge.

On February 21, 1987 claimant Brock slipped and fell while working for Continental Baking Company. She was treated for injury to her lower back and was out of work from the date of the fall through June 16, 1987. During this time she received temporary total disability benefits.

In April 1988, Brock experienced problems with her right knee. On April 19 she sought medical treatment and missed work for approximately ten days. She returned to work but ceased work around May 17 because of the knee problems. On June 3, Brock underwent arthroscopic surgery. Her knee did not improve and she underwent a second surgery on September 9, after which it did improve.

Shortly after leaving work because of her knee problem, Brock filed a claim for benefits for that condition for the period beginning May 17, 1988, alleging as the operative accident date, the date of her fall on February 21, 1987. The employer controverted the claim.

After a hearing to determine all Title 34, Ch. 9 issues, the ALJ found that the overwhelming weight of medical evidence revealed that Brock had been suffering from arthritis in both knees for some years prior to the work-related injury resulting from her fall and that Brock had suffered an injury to her right knee in an automobile accident in 1973. The ALJ concluded in an award dated January 27, 1989, that based on all of the medical evidence, Brock did not suffer a work-related injury to her right knee as a result of the February 21, 1987, fall. Brock appealed the denial of benefits to the Board and returned to work with Continental on February 11, 1989. She had been out of work continuously from May 17, 1988.

On April 13, 1989, Brock lodged another claim for benefits with the Board, this time alleging an accident date of April 19, 1988, the day she sought medical treatment and left work for ten days. On May 8, the Board issued its award from the January 27 denial of benefits, adopting the ALJ's denial and additionally finding that the 1987 inci-

dent had not aggravated Brock's preexisting knee condition. No further appeal was taken.

Prompted by the April 13 claim, the Board issued a hearing notice on May 12 to determine all "O.C.G.A. § 34-9 issues" regarding Brock's alleged accident date of April 19, 1988. The claim was assigned to the same ALJ who had denied benefits. In a deposition taken on August 14, 1989, Brock admitted that in her second claim she sought the same benefits previously denied.

Continental and its insurer filed with the Board a "motion to dismiss or for summary judgment" as to Brock's second claim, asserting that res judicata and collateral estoppel barred the claim because the same benefits for the same disability period were involved. The ALJ granted the motion.

Brock appealed to the Board, which vacated the ALJ's order and remanded Brock's claim for a hearing and determination on the merits. It concluded that it had no jurisdiction to consider the employer/insurer's motion inasmuch as OCGA §§ 9-11-12 (b) (6); 9-11-41, and 9-11-56 had not been specifically incorporated into the workers' compensation law. The superior court upheld the Board's ruling on the theory that although the principles of res judicata and collateral estoppel applied to Board awards, the Civil Practice Act did not apply and there was no provision in the Workers' Compensation Act for summary adjudication of claims.

Although the employer/insurer denominated its motion as one to dismiss or for summary judgment, the gist of it was that claimant was estopped from relitigating issues which were res judicata. The question is not whether those portions of the Civil Practice Act relating to summary judgment and dismissal are applicable to the Workers' Compensation Act, but rather whether or not an ALJ can summarily dispose of a claim for benefits when the underlying issues between the same parties have already been heard and determined.

The legislature intended that processes and procedures under the Workers' Compensation Act be as summary and simple as reasonably possible. OCGA § 34-9-60 (a). Administrative law judges serve as hearing officers and exercise judicial functions in implementing the Act. OCGA § 34-9-47. They have full authority to hear and determine all questions with respect to claims, OCGA § 34-9-100 (a), and specifically to rule upon or dispose of all motions, OCGA § 34-9-102 (c). Thus, an ALJ clearly has the authority to entertain a motion, such as the employer/insurer's, which asserts that a claim is barred.

Res judicata and estoppel by judgment are applicable to workers' compensation awards in the context of subsequent lawsuits on all questions of fact in matters in which the Board had jurisdiction. See *McFadden Business Publications v. Guidry*, 177 Ga. App. 885, 887 (1) (b) (341 SE2d 294) (1986); *Greene v. Transport Ins. Co.*, 169 Ga.

App. 504 (1)-505 (313 SE2d 761) (1984). Such doctrines are likewise appropriately applied within the workers' compensation procedure itself. They would in some instances be not only appropriate but also necessary inasmuch as the Board has no authority to reopen a case to alter an award which had become final. See, e.g., *Cook v. Jordan Bradley Supply Co.*, 195 Ga. App. 604 (394 SE2d 400) (1990); *Burkhart v. Argonaut Ins. Co.*, 239 Ga. 608 (238 SE2d 400) (1977). Parties to workers' compensation proceedings are to be afforded the opportunity to be heard and to present a claim or defense, *Hart v. Owens-Illinois*, 165 Ga. App. 681, 682 (302 SE2d 701) (1983), but not every situation requires a formal hearing or that evidence be adduced. See e.g., *International Energy Structures v. Fennelly*, 187 Ga. App. 416, 417 (1) (370 SE2d 523) (1988) and *Johnson v. Atlanta Dairies Co-op.*, 172 Ga. App. 403 (323 SE2d 185) (1984) which involve Board discretion in making a lump sum award. Likewise here, where the ALJ had implicit authority to summarily dismiss Brock's second claim upon determining that the issues had already been decided.

The superior court erred in upholding the Board's vacating of the ALJ's dismissal of the claim on procedural grounds. Therefore, the court's judgment cannot stand.

*Judgment reversed. Pope and Andrews, JJ., concur.*

DECIDED FEBRUARY 13, 1991.

*Smith, Shaw, Maddox, Davidson & Graham, Jo H. Stegall III,* for appellants.

*Mundy & Gammage, William D. Sparks,* for appellee.