## A90A2017. MARTA v. POWELL.

(402 SE2d 805)

Birdsong, Presiding Judge.

Pursuant to our grant of authority to appeal under OCGA § 5-6-35 (a), MARTA contends the trial court erred by affirming the award by the State Board of Workers' Compensation granting John M. Powell an $8,250 lump sum advance of benefits.

The record shows that after Powell received a compensable injury and had received benefits for over 26 weeks, he requested a lump sum advance to redeem his home which was sold at a tax sale. The record also shows, however, that the title to the property is only in Powell's wife. Although Powell originally requested an advance of $10,360.89 plus attorney fees of $250, he reduced his request to $6,821.91 because he received a tax refund.

MARTA, however, objected to the lump sum advance contending that the advance was not authorized since part of the tax delinquency predated Powell's injury; Powell's application was not supported by a sworn affidavit; the advance was to be credited against future benefits when Powell had not been given a permanent partial disability rating; and there was evidence that, contrary to his application, Powell had worked during his purported disability.

After considering the application and MARTA's response, the full board made the required "best interest/no hardship" findings and awarded Powell a lump sum advance of $8,250. The award directed MARTA to "continue weekly benefits at the rate of $175, until terminated by law, taking credit for the advance upon determination of permanent partial disability by reducing the period during which those benefits are to be paid. This reduction shall be taken at the end of the period."

MARTA contends that this award is contrary to law. *Held*:

1. Although no hearing is required before the full board grants a lump sum advance, the award must be based upon competent evidence. *Johnson v. Atlanta Dairies Co-op.*, 172 Ga. App. 403, 404 (323 SE2d 185). As this court has earlier held, this proof contemplates verified documentation. *International Energy Structures v. Fennelly*, 187 Ga. App. 416, 417 (370 SE2d 523). As Powell's statement supporting this affidavit was not sworn, the full board abused its discretion by granting the lump sum award over MARTA's objection. Id. We find the absence of sworn support for the application especially significant in this case as there is other competent evidence showing that Powell's statement may not have accurately portrayed his financial condition.

2. The full board also erred by approving a lump sum advance against permanent partial disability payments. A rating of permanent partial disability requires a finding that the disability is permanent

(*State of Ga. v. Birditt*, 181 Ga. App. 356, 357 (352 SE2d 203)) and no·such finding was made here. Further, lump sum advances against future permanent partial disability payments are authorized only when a permanent impairment rating has been made. *Edgeman v. Organic Chem. Corp.*, 173 Ga. App. 4, 6 (325 SE2d 400). In this case the full board erred by awarding a lump sum advance against future permanent partial disability payments when no finding of permanency and no permanent impairment rating had been made, and, particularly when the record contains evidence that Powell may not have a permanent disability. Accordingly, we find that the trial court erred by affirming the award of the full board.

*Judgment reversed. Banke, P. J., and Cooper, J., concur.*

DECIDED MARCH 4, 1991.

*Sligh, Presmanes & Jackson, Gregory T. Presmanes, James G. Jackson*, for appellant.

*Arthur H. Marateck*, for appellee.