S91A0912. SUBSEQUENT INJURY TRUST FUND et al. v.
JAMES.
(406 SE2d 77)

CLARKE, Chief Justice.

Ednar Louise James was injured on the job and awarded $135 per week in workers' compensation benefits. Her application for a lump sum payment of her future benefits was denied by the Workers' Compensation Board without an oral hearing. James appealed to the superior court, which held that Board Rule 222 (b) and *Johnson v. Atlanta Dairies Cooperative,* 172 Ga. App. 403 (323 SE2d 185) (1984), unconstitutionally deny procedural due process. The employer and insurer appeal.

Under Workers' Compensation Board Rule 222 (b) and the Court of Appeals case interpreting the rule, *Johnson v. Atlanta Dairies Cooperative,* supra, no oral hearing is required before deciding whether to award lump sum workers' compensation benefits. In *Johnson,* supra at 404, the Court of Appeals held that the board, in its discretion, may either conduct a formal hearing "or may consider the application based on depositions, interrogatories, verified documents, etc. . . . [But, w]here necessary to preserve fairness, on a proper showing, the board or an ALJ might be required to conduct an evidentiary hearing."

James asserts that due process requires an oral hearing before the lump sum award can be denied. She submits that the federal and state constitutions guarantee notice and hearing as a matter of right where one's property rights are involved. *Blocker v. Blackburn,* 228 Ga. 285 (185 SE2d 56) (1971). James is correct that notice and hearing are fundamental to procedural due process. James is not correct, however, in assuming that due process always requires an oral hearing. We conclude that a paper hearing is sufficient to protect the rights at issue here.

Assuming, but not deciding, that James has a protected property interest in a lump sum award of future workers' compensation benefits, due process requires appropriate procedures to safeguard against erroneous deprivation. In deciding what process is due, the court must weigh (1) the private interest affected; (2) the possibility of erroneous deprivation using the established procedure and the probable value of additional procedural safeguards; and (3) the government's interest in the procedure or the burden of providing greater procedural protections. *Mathews v. Eldridge,* 424 U. S. 319 (96 SC 893, 47 LE2d 18) (1976).

Here, the private interest at stake is a lump sum award of future benefits. The denial of a lump sum award does not affect James' right to continuing benefits. The government interest is in avoiding the trouble and expense of an oral hearing. We need not engage in a lengthy discussion of the relative weight of these interests, however, because the established procedure is clearly sufficient to safeguard the claimant's interest and because there is nothing to indicate any probable benefit of an oral hearing. There is no danger that a claimant will be deprived of any right to a lump sum benefit without notice, because it is the claimant who must initiate the application for a lump sum award. Further, the established procedure allows the claimant to file all relevant documents, affidavits, depositions, etc. that may bear on the determination. *Johnson,* supra. Although there is no clear advantage to an oral hearing, one may be provided upon a "proper showing" of need or "to preserve fairness." Id. at 404. And, judicial review of the board's decision is available on appeal.

Claimant in this case simply failed to file sufficient documentation with her application to demonstrate a need for the lump sum award or for an oral hearing. We find no constitutional infirmity in the procedure.

*Judgment reversed. All the Justices concur.*

DECIDED JULY 3, 1991 —
RECONSIDERATION DENIED SEPTEMBER 9, 1991.

*Michael J. Bowers, Attorney General, K. Prabhaker Reddy, Sligh, Presmanes & Jackson, John A. Sligh, Jr., James G. Jackson,* for appellants.
*Wayne B. Bradley,* for appellee.