### A94A1739. FULTON COUNTY BOARD OF WORKERS' COMPENSATION v. ROBINSON.
#### (450 SE2d 850)

RUFFIN, Judge.

We granted the Fulton County Board of Workers' Compensation's ("Fulton County") application for discretionary appeal to determine whether the superior court erred in dismissing its appeal from an award of the State Board of Workers' Compensation for Fulton County's failure to comply with OCGA § 34-9-105 (b).

Fulton County filed its notice of appeal from an award of the full board on July 19, 1993, and a hearing was scheduled in the superior court for September 10, 1993. At the September 10 hearing, George Robinson moved Judge Thelma Wyatt Cummings to disqualify herself from hearing the appeal. By order dated September 14, 1993, the judge recused herself from the case. The order further provided: "the hearing originally scheduled to be heard on 10 September 1993 will be continued for an additional 90 days, through and including 18 December 1993, to allow for another judge to be assigned to hear the case."

The case was assigned to Judge Elizabeth Long who also recused herself from consideration of the case by order entered September 21, 1993. Judge Long directed the court administrator to reassign the case in accordance with the court's procedure.

The case was finally assigned to Judge Josephine Holmes Cook who set the case to be heard on November 1, 1993. Robinson filed a motion to dismiss the appeal for Fulton County's failure to comply with OCGA § 34-9-105 (b), contending that Judge Wyatt Cummings' order did not continue the case to a date certain as required by the

statute.

With regard to appeals to the superior court from final decisions of the board, OCGA § 34-9-105 (b) provides, in pertinent part: "if the court does not hear the case within 60 days from the date the notice of appeal is filed with the board, the decision of the board shall be considered affirmed by operation of law unless a hearing originally scheduled to be heard within the 60 days has been continued to a date certain by order of the court."

At the outset we note that OCGA § 34-9-105 (b) clearly provides that the failure to either have a hearing within 60 days of the filing of a notice of appeal or continue the case to a date certain results in an affirmation of the board's award by operation of law, not a dismissal of the appeal. Therefore, should we find that the case was not properly continued by the superior court, we will consider the board's award affirmed by operation of law.

However, "[t]here was no affirmation of the Board award by operation of law for failure to comply with the requirements of OCGA § 34-9-105 (b). The original hearing date was set within the prescribed 60 days, as was the . . . continuance." *Action Staffing v. Spalding Ford &c.*, 198 Ga. App. 764, 766 (1) (403 SE2d 61) (1991). Judge Wyatt Cummings clearly continued the case for a date certain, 90 days, until December 18, 1993, on which date the matter would be heard by another judge to be designated by the court administrator of Fulton County. The 90-day period was apparently provided to allow sufficient time for such designation to take place. We agree with Fulton County that the phrase, "through and including" does not make the date any less certain, but rather, merely permits a hearing before a new judge any time within the 90-day period. "To find otherwise would be to allow the party who has induced the alleged statutory noncompliance to profit from it and would be to '(exalt) the need for speedy disposition over fair treatment of the parties and the policy of reaching the merits of a controversy.' [Cit.]" Id. at 767. Furthermore, if a hearing had not been held by December 18, 1993, the decision of the board would have been affirmed by operation of law if no order disposing of the issues on appeal had been entered within 20 days after the date of the continued hearing. OCGA § 34-9-105 (b).

The trial court's reading of Judge Wyatt Cummings' order to the contrary was unreasonable, and its dismissal of the appeal constituted an abuse of the court's discretion. Accordingly, the judgment of the court is reversed and the case shall be remanded for a hearing on Fulton County's appeal from the award of the full board.

*Judgment reversed and case remanded. Birdsong, P. J., and Blackburn, J., concur.*

380

*Axam, Gavrin & Hughes, Tony L. Axam,* for appellant.
*Aubrey T. Villines, Jr.,* for appellee.